## THE "CITY OF HARTFORD" AND THE "UNIT."

1. A steamboat collided with and sunk a schooner towed by a tug.  The owner of the schooner and the owner of her cargo severally libelled the steamboat and tug, both of which were found to be in fault.  *Held,* that each libellant was entitled to a decree against each of the offending vessels for a moiety of his damages, and for interest and costs, with a proviso that if either of said vessels was unable to pay such moiety, then he should have a remedy over against the other vessel for any balance thereof which might remain unpaid.

2. *The Alabama and the Game-cock* (92 U. S. 695) and *The Virginia Ehrman and the Agnese* (*supra,* p. 309) reaffirmed.

APPEALS from the Circuit Court of the United States for the Southern District of New York.

Hudson S. Rideout and others, owners of the schooner "Abbie S. Oakes," and Charles Robinson, owner of her cargo,

filed their separate libels in the District Court for the Southern District of New York, against the steamboat "City of Hartford" and the steam-tug "Unit," to recover, the first $8,000, and the second $4,500, damages, occasioned by the sinking of the schooner in East River, New York, which was caused by a collision between the "City of Hartford" and her while she was in tow by the "Unit." In each of the cases the steamer and tug were claimed by their respective owners. In the first case, the claimant entered into a bond in the sum of $16,000, and a stipulation for costs for $250. In the second case, the bond was for $9,000, and the stipulation for costs for $250. The "Unit" having been appraised at $3,000, her owners entered into a stipulation for value in that sum and for $250 costs.

The court, on final hearing, entered a decree in the first case that the libellants recover from the "City of Hartford" the sum of $4,119.04 damages, with $56.29 interest and $234.19 costs; and dismissed the libel as to the "Unit," with costs against the libellants. In the second case, the court dismissed the libel as to the "Unit," and decreed that Robinson recover from the "City of Hartford" $3,407.79 damages, with $8.52 interest and $142.64 costs. The owners of the schooner thereupon appealed to the Circuit Court from so much of the decree as dismissed their libel against the "Unit," and awarded costs against them. The company appealed from the entire decree in each case. Robinson did not appeal. The Circuit Court, upon hearing, entered in the first case a final decree, reversing that of the District Court, which dismissed the libel as to the "Unit" and awarded costs to the claimants, and ordering and adjudging that the libellants recover of the "City of Hartford" the sum of $2,087.67, being one-half of the damages sustained by the collision, together with interest thereon and the costs of seizure, and one-half of the general costs, making in all $2,674.54; that they recover of the "Unit" $2,087.67, "being the other one-half of the damages," with interest, and the costs specially incurred by the proceedings against her, and one-half of the general costs, amounting in all to $2,787.54.

In the second case, the decree of the District Court was modified, and it was ordered and adjudged that Robinson recover against the "City of Hartford" the sum of $1,856.66, being

one half-part of the damages sustained by him by reason of the collision, including interest thereon to the date of the decree of the District Court, and the sum of $337.14 interest on said half-part to the date of the decree of the Circuit Court, and so much of his costs against said steamboat in the District Court as were incurred in the seizure, amounting to $102.90, with $18.60 interest thereon, together with one-half of the general costs of the Circuit Court, taxed at $14.35, amounting in all to $2,329.65.

From these decrees the Hartford and New York Steamboat Company, claimants of the steamboat, and Robinson, severally appealed to this court.

*Mr. R. H. Huntley* for the steamboat company.

*Mr. Joseph H. Choate* for the owners of the schooner, and *Mr. Henry J. Scudder* for Robinson.

Mr. Justice Clifford delivered the opinion of the court.

Freedom from fault is a good defence in a cause of collision, even when the suit is promoted to recover compensation for injuries received by an unoffending party; but the innocent party, if the collision was occasioned by the fault of the other vessel or vessels, is always entitled to full compensation for the injuries received, unless the loss exceeds the amount of the interest which the owners have in the offending ship or ships and the freight pending at the time of the collision.   9 Stat. 635; *The Atlas*, 93 U. S. 302.

Sufficient appears to show that the schooner was on a voyage from Baltimore to Portsmouth, N. H., laden with a cargo of corn, and that she put into the port of New York, by reason of stress of weather; that while there those in charge of her navigation employed the steam-tug to tow her from her anchorage through the pass called Hell Gate, and that the steam-tug undertook to perform that service for a reasonable compensation; that the steam-tug accordingly took the schooner in tow and proceeded on the route; that while so proceeding, and when in East River, the two vessels came in sight of the steamer "City of Hartford," then coming down the river; and the charge of the libel is that the steamer and steam-tug were so negligently, carelessly, and unskilfully manœuvred and navigated

that the steamer collided with the schooner, and caused her to sink, and that she, with her cargo and property on board, became a total loss.

Bad seamanship and unskilful navigation are imputed both to the steamer and the steam-tug, and the claim is that they are both bound to make good the damage sustained by the libellants.

Process was issued, and both the steamer and the steam-tug were attached by the marshal. Interlocutory proceedings will be omitted, as they are not material to the questions involved in the assignment of errors, except to say that the respective claimants of the respondent steamers appeared and filed answers to the libel. Testimony was taken on both sides; and after hearing, the District Court ordered a decretal order against the steamer, in favor of the libellants, and dismissed the libel as to the steam-tug, holding that the steamer was wholly in fault.

Owners of the cargo in such a case may, if they see fit, join with the owners of the vessel in promoting the cause of collision, or they may sue separately, at their election. In this case they filed a separate libel, in which they charged that the collision was occasioned both by the steamer and the steam-tug, and that both were bound to make good their loss. Service was made, and the claimants of both respondent vessels appeared and filed answers. Proofs being taken, they went to hearing; and the District Court entered a decree as in the preceding libel, holding that the steamer was wholly in fault, and dismissed the libel as to the steam-tug. Separate references were made to the master, whose respective reports were subsequently confirmed by the court.

By the final decree, the libellants in the first case recovered $4,119.04, with taxed costs, and the libellant in the second case recovered $3,704.79, with interest and taxed costs; and all parties except the libellant in the second case appealed to the Circuit Court.

Hearing was again had; and the Circuit Court reversed the decree of the District Court in the first case, dismissing the libel as to the steam-tug, and adjudged and decreed that both the steamer and the steam-tug were in fault, and that the

damages and costs should be equally apportioned between the offending vessels.

Pursuant to that order, the decree against the steamer was for the sum of $2,080.67, for half the damages sustained by the libellants, including interest, with costs as therein taxed; and the charge against the steam-tug was for the same sum, with interest and costs, as in the case of the steamer. In the second case, also, the decree was in favor of the libellants, upon the ground that both the steamer and the steam-tug were in fault, as in the other case, where the libel was promoted by the owners of the schooner.

Due computation of the loss sustained by the owner of the cargo, who was the libellant in the second case, was made in the District Court, and the Circuit Court adopted that computation as correct. As there made, it amounted, with interest, to the sum of $3,713.13, besides costs as taxed; but the Circuit Court adjudged and decreed that the libellant recover of the steamer the sum of $1,856, being one-half of the damages sustained by the libellant, including interest to date of the decree in the District Court, and the sum of $337.14, "for interest on half-part" to the date of the decree, with costs and interest thereon, as more fully set forth in the decree.

Evidence of a decisive character appears in the record to show that the circuit judge concurred with the District Court that the steamer was in fault, and that her fault contributed to the collision which caused the loss sustained by the respective libellants, but that he was unable to concur that the steam-tug was without fault. Instead of that, he was of the opinion that those in charge of the navigation of the steam-tug saw the steamer as she was coming down the river, at such a distance as would have enabled the steam-tug to have made any necessary manœuvre to avoid the collision.

Beyond all question, he was of the opinion that both the respondent vessels were in fault, which, by all the authorities, presents a case where each should be adjudged liable for a moiety of the damages. By the decree the steamer is adjudged liable for half the damages; but the libellant, though admitted to be without fault, has no decree whatever for the other half, or for any more than half of the costs.

Appeal was taken to this court, by the claimants of the steamer, from the decree of the Circuit Court in each case. In the second case, the libellant, owner of the cargo, appealed from the decree therein rendered.

Argument to show that the decree of the Circuit Court in the first case is correct is scarcely necessary, as both courts concur that the steamer was in fault, and the owners of the steam-tug have not appealed.

Suggestion is sometimes made that this court will, as a matter of course, affirm the decree of the Circuit Court where the decree of the Circuit Court affirms the decree of the District Court; but the court has never adopted any such rule of practice.

Where the appeal involves a question of fact, the burden in such a case is on the appellant to show that the decree in the subordinate court is erroneous; but it is a mistake to suppose that this court will not re-examine the whole testimony in the case, as the express requirement of the act of Congress is that the Supreme Court shall hear and determine such appeals, and it is as much the duty of the court to reverse the decree from which the appeal is taken for error of fact, if clearly established, as for error of law. *The Baltimore*, 8 Wall. 377; *The Maria Martin*, 12 id. 31; *The Lady Pike*, 21 id. 1.

Neither the evidence exhibited in the record nor the suggestions of counsel contained in the brief filed by the appellants have had the effect to create any doubts in the mind of the court that the conclusion of the subordinate courts that the steamer was in fault is correct. Nor do we deem it necessary to repeat the reasons given by those courts in support of the decrees in that regard.

Other manoeuvres to avoid a collision failing, it was the clear duty of the steamer to stop and reverse. Both vessels were in plain view of each other, in a water where there was plenty of sea-room, which of itself is sufficient to afford a strong presumption that both were in fault. Enough appears to justify the conclusion that if the steamer had stopped her engines the collision never would have occurred, and it is hardly less probable that it would have been avoided if she had put her helm hard-a-port; but it is not necessary to enter into speculations upon the subject, as it is highly probable, to say the least, that

the collision might have been avoided if either of the offending vessels had performed its duty.

Before examining the appeal and cross-appeal in the other case, it should be remarked that it is settled law that wrongful acts done by the co-operation and joint agency of two or more parties constitute them all wrong-doers, and that parties in a collision case, such as shippers and consignees, bear no part of the loss in such a disaster, and are entitled to full compensation for the damage which they suffer from the wrong-doers, except in the case where their loss exceeds the amount of the interest which the owners of the offending ship or ships have in them, and in the freight then pending.

Suppose the value of each vessel in such a case is equal, or more than equal, to a moiety of the damages, interest, and costs found due to the libellant, then it is clear that the decree should be for a moiety of the same against each of the offending vessels, with a provision that if either party is unable to pay his moiety of the damage, interest, and costs, the libellant shall have his remedy over against the other party. *The Atlas*, 93 U. S. 302; *The Alabama and the Game-cock*, 92 id. 695; *The Washington and the Gregory*, 9 Wall. 513; *The Virginia Ehrman and the Agnese*, *supra*, p. 309.

Apply that rule to the present case, and it is clear that the decree in the second case should be modified by inserting the provision, that if either party is unable to pay his moiety of the damage, interest, and costs, the libellant may have his remedy over against the other; and that a further decree be entered, that the libellant do recover against the steam-tug, her tackle, apparel, and furniture, the sum of $1,851.66, being one half-part of the damages sustained by the libellant by reason of the collision in the pleadings mentioned, including interest thereon to the date of the decree of the District Court, and the sum of $337.14 for the interest on said half-part to the date of the Circuit Court decree; and that the libellant do also recover of the steam-tug one-half of the costs of said libellant incurred in the District Court in the seizure of the steam-tug, with interest on the same to the date of the Circuit Court decree, together with one-half of the costs of the Circuit Court as there taxed; and that the steam-tug, her tackle, apparel, and furniture, be

condemned therefor, with the provision that if either of the offending vessels is unable to pay her moiety of the damage, interest, and costs, the libellant shall have a remedy over against the other offending vessel for any such balance, — from which it follows that the decree in the first case is correct, that the appeal of the owner of the cargo must be sustained for the purpose of modifying the decree in the second case, and for the purpose of making the addition thereto as specified in the opinion, and that the decree in that case as modified, and with the addition thereto specified, be affirmed; *The Dundee*, 2 Hagg. 137; *The Atlas*, 93 U. S. 302.

Owners of ships and vessels are not liable, under existing laws, for any loss, damage, or injury by collision, if occasioned without their privity or knowledge, beyond the amount of their interest in such ship or vessel and her freight pending at the time the collision occurred; but the decree in a proceeding *in rem* against the vessel is not a decree against the owner, nor will it render the owner liable in such a case for any greater amount than what the act of Congress limiting the liability of such owners allows. Such a decree in such a case is merely the ascertainment of the damage, interest, and costs which the libellant has sustained by the collision, and which he is entitled to recover, provided the interest of the owners in the colliding vessel or vessels is sufficient to pay it, and not otherwise.

Suffice it to say that the libellant in such a case and in such a proceeding is entitled to recover for the loss which he sustained by the collision, whether the offending vessel is or is not of a value sufficient to discharge the amount. Admiralty courts, where there are two offending vessels, may undoubtedly divide the damages between them; but the libellant in such a case is entitled to full compensation if the offending vessels are of sufficient value, and in that event the decree in each case should provide that the libellant is entitled, if either party is unable to pay his moiety of damage, to have his remedy over against the other offending vessel. *The Atlas, supra.*

The decree in the first case, and that in the second, as the same is modified and enlarged, by adding thereto a decree against the steam-tug for one-half part of the damage, interest, and costs sustained by the libellant, will be affirmed; and it is

*So ordered.*