THE N. Y. & BROOKLYN FERRY CO. *v.* THE STEAM-TUG "ADRIATIC" AND THE ICE-BARGE "FITCH."

THE SHALER & HALL QUARRY CO. *v.* THE SAME.

(*District Court, E. D. New York.* March 10, 1880.)

COLLISION—BARGE IN TOW OF TUG—SCHOONER STRUCK BY BARGE AND DRIVEN INTO FERRY-BOAT.

In admiralty.

*Beebe, Wilcox & Hobbs*, for libellants.

*C. Van Santvoord* and *Macklay & Mudge*, for tug and barge.

BENEDICT, J.  These two actions were tried together.  The first is brought to recover of the tug Adriatic and the ice-barge

Fitch the damages caused by a collision between the schooner David Curry and the ferry-boat Nevada, in the East river, on the seventeenth of December, 1877. The second is brought by the owners of the schooner David Curry, to recover of the same tug and barge the damages caused to that schooner by the same collision, as well as the damages caused to the schooner by a prior collision between the schooner and the ice-barge, that occurred immediately prior to the collision between the schooner and the ferry-boat, and is claimed to have been the sole cause of such subsequent collision.

The following are my conclusions upon the evidence:

The ferry-boat Nevada was proceeding down the East river above the Catharine ferry-slip, on the Brooklyn shore, the tide being ebb. She was where she had the right to be, and was giving plenty of room for the vessels passing up the river to go by her in safety. While so proceeding she was run in to on the starboard side by the schooner David Curry, and sustained serious injuries. The cause of this collision between the ferry-boat and the schooner was a sudden change of course on the part of the schooner which carried her into the ferry-boat.

The schooner was proceeding up the East river, and in about the middle thereof. While so proceeding she was run into on her port bow by the ice-barge Fitch which was also proceeding up the river, between the schooner and the New York shore, in tow of the tug Adriatic. The immediate and necessary result of this collision between the ice-barge and the schooner was to knock the schooner off her course so suddenly that it was impossible for anything to be done either on the schooner or the ferry-boat to prevent the schooner from running into the ferry-boat, as above stated.

The cause of the collision between the ice-barge and the schooner was a sheer on the part of the barge out of her proper course and into the course of the schooner. It was the duty of the ice-barge, under the circumstances, to keep away from the course of the schooner, and she could have done so by the proper management of her helm. The schooner did nothing to cause the collision between her and the barge; it was the duty of the schooner to hold her course,

and this duty was performed up to the time when the ice-barge ran into her.

No fault on the part of the tug Adriatic contributed to the collision.

From these conclusions it results that the owners of the ferry-boat are entitled to recover their damages of the ice-barge Fitch. A decree will therefore be entered to that effect in the first entitled cause, with an order of reference to ascertain the amount.

A similar decree will be entered in favor of the libellant in the second suit.

In each of the suits the libel against the Adriatic will be dismissed with costs.