## THE NEW YORK.

### UNION S. S. CO. v. ERIE & W. TRANSP. CO. et al.

(Circuit Court of Appeals, Sixth Circuit. February 8, 1898.)

#### No. 461.

COLLISION—RIGHT OF WAY—SIGNALS.

> When a vessel is pursuing a course which the law gives her a right to take without the assent of another vessel, the whistle consistent with that course is to be regarded as a positive indication of her intention to pursue it. But, where a vessel has no right to pursue a particular course without the assent of the vessel she is meeting, the whistles she uses to obtain that assent are merely invitations to an agreement contrary to the usual mode of passing, and are not to be taken as a distinct indication that, on failure to obtain such assent, she will violate the rules of navigation, at least until there is something additional in her conduct to justify such an inference.

This was a libel by the Erie & Western Transportation Company, owner of the steamer Conemaugh, against the steamer City of New York, owned by the claimant, the Union Steamship Company, to recover damages for a collision between the two vessels, whereby the Conemaugh was sunk in the Detroit river  The claimant filed a cross libel for damage occasioned to the New York.  The district court, by its final decree, found that the New York was solely in fault, and assessed the entire damages against her.  The claimant of the New York thereupon appealed to this court, which, on October 5, 1897, filed an opinion reversing the decree below, finding that the Conemaugh was alone in fault, dismissing the libel against the New York, and ordering a decree in personam against the owner of the Conemaugh for the damages received by the New York, and also dismissing the intervening petition of certain insurance companies.  27 C. C. A. 154, 82 Fed. 819.  The cause is now heard upon a petition for a rehearing.

Before TAFT and LURTON, Circuit Judges, and SEVERENS, District Judge.

TAFT, Circuit Judge.  In this case a petition for rehearing has been filed, asking that the court reconsider its decision already announced in so far as it was adjudged thereby that the New York was not guilty of fault contributing to the collision.  We deem it necessary to consider only two points made in the petition.  One is that the finding of fact by the court made the relative situation of the vessels such that, under the case of The Manitoba, 122 U. S. 97, 7 Sup. Ct. 1158, the New York should have whistled.  The other is that the two blast whistles of the Conemaugh were a distinct indication to the New York that the Conemaugh was about to fail in her duty to keep out of the way of the New York, and was on a course across the bows of the New York, and that, by reason of this indication, it became the duty of the New York to stop and reverse.  We think the rule laid down in the Manitoba has no application to the case at bar.  In that case two vessels were approaching each other for a considerable time on slightly converging and nearly parallel courses, and, as the courses did not change, it was held the duty of each vessel to be cautious, to indicate by whistle its course, and to reduce speed and stop.  In the case at bar, if we assume that the lookout of the New York saw all that he ought to have seen, he would have discovered that the Conemaugh was changing her course from one crossing that of the New York, and was swinging round into the wake of the tow, presumably for the purpose of keeping out of the New York's way by going to the starboard.  For a time it is true that their courses might have been parallel, but only in the execution of this proper maneuver.  We have no doubt that a lookout on the New York could have had the same view of the red light of the Conemaugh which the captains of the last two tows of the Burlington had as

the Conemaugh swung round into their wake, and might well have inferred therefrom that the Conemaugh was complying with her obligation to swing to starboard out of the way of the New York.

This conclusion of fact is important in considering the next point made in the petition for rehearing,—that the Conemaugh's two blast whistles were distinct indications of her intention to do what she did. In situations where a vessel is pursuing a course which the law gives her the right to take without the assent of another vessel, the whistle consistent with that course is to be regarded as a positive indication of her intention to pursue it. But we apprehend that, where a vessel has no right to pursue a particular course without receiving the assent of the vessel she is meeting, the whistles she uses to obtain that assent are merely invitations to an agreement contrary to the usual mode of passing, and are not to be taken as a distinct indication that, on failure to obtain the assent she seeks, she will violate the rules of navigation, at least until there is something additional in her conduct to justify such an inference. This distinction is a necessary corollary to the ratio decidendi of The John King, 1 U. S. App. 64, 1 C. C. A. 319, and 49 Fed. 469, and The B. B. Saunders, 23 Blatchf. 383, 19 Fed. 118. The captain and lookout of the New York, if they had seen and heard the Conemaugh, would have observed her swinging slowly to starboard in the wake of the last barges in the tow, although blowing signals of her intention, if assented to by the New York, of changing her course across the bows of that vessel. This was not a distinct indication of her intention to cross the bows of the New York as she did.

Other questions are made in the petition to rehear, but as they are mere repetitions of the arguments on the facts considered in the original opinion, and as they do not change our views, it is needless to state or discuss them. The petition is denied.