## THE JOHN H. STARIN.

## THE JAMAICA.

(Circuit Court of Appeals, Second Circuit. May 21, 1908.)

Nos. 225–227.

**1. COLLISION—STEAM VESSELS CROSSING—VIOLATION OF RULES.**

A collision in East river in the daytime between the steamer Starin and the ferryboat Jamaica on crossing courses, and a resulting collision between the Starin and a barge made fast to a pier, *held* due to the fault of both steamers; the Starin for not keeping the course and speed as the privileged vessel, as required by article 21 of the inland navigation rules (Act June 7, 1897, c. 4, 30 Stat. 101 [U. S. Comp. St. 1901, p. 2883]), and the Jamaica for attempting to cross ahead in violation of articles 21 and 22, and notwithstanding the refusal of the Starin to assent to her signals therefor, three times repeated.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 10, Collision, §§ 194, 195.]

**2. SAME—RULES—CONSTRUCTION AND EFFECT OF STATUTORY RULES.**

The binding force of the articles of the statutory navigation rules cannot be affected by the pilot rules; but, where there is a conflict, the articles are of superior authority.

Appeal from the District Court of the United States for the Southern District of New York.

This cause comes here upon appeals from decrees of the District Court holding both steam vessels in fault for a collision between the ferryboat Jamaica and the steamer John H. Starin, and for a collision, immediately ensuing between the latter and the barge McLain made fast to a pier. The opinion of the District Court is found in 145 Fed. 723. It fully sets forth all the facts.

Hyland & Zabriskie, for libelant.

James J. Macklin and La Roy S. Gore, for the Starin.

Clarence B. Smith and Wheeler, Cortes & Haight, for the Jamaica.

Before LACOMBE, WAID, and NOYES, Circuit Judges.

PER CURIAM. We concur with the district judge. The Starin was the privileged vessel, and as such was required to maintain her course and speed. She wholly failed to maintain her course. When the vessels sighted each other she was about 50 feet from the Tenth street buoy and a little on the Brooklyn side of midriver, bound down to round the Battery for her berth on the North river. The collision took place about 100 feet off the line of the New York piers, a little below the Houston Street ferry.

The Jamaica was the burdened vessel, and was required to keep out of the way of the Starin, and to avoid crossing ahead of her if the

circumstances of the case admitted. Act June 7, 1897, c. 4, arts. 21, 22, 30 Stat. 101 (U. S. Comp. St. 1901, p. 2883). We are at a loss to see what circumstances there were which did not admit of her executing such manœuver. Instead of doing so, she persisted in crossing ahead, although, as her own pilot testifies, three successive two-blasts whistles which she blew, indicating thereby a wish to navigate otherwise than in accord with article 22 (The George S. Shultz, 84 Fed. 510, 28 C. C. A. 476; The New York, 86 Fed. 814, 30 C. C. A. 628), were each responded to with a single-blast whistle, which was a distinct refusal to enter into any agreement to modify the requirements of the article.

We do not agree with her counsel in construing pilot rule 2 as allowing the burdened vessel to abrogate article 22, by blowing a signal which indicates an intention to cross ahead, when the circumstances of the case admit of her crossing behind. The latter part of the rule would seem to indicate that it was framed so as not to be in conflict with the articles, and, if it were, the articles, and not the rules, are of superior authority. The John King, 49 Fed. 469, 1 C. C. A. 319.

The decrees are affirmed, with interest and a single bill of costs of this court to the McLain against both appellants.