## THE M. E. LUCKENBACH.

### THE HUGH KELLY.

(Circuit Court of Appeals, Second Circuit. April 28, 1914.)

### No. 250.

COLLISION (§ 110*)—STRANDING OF TOW—PROXIMATE CAUSE.

The stranding of a barge, which was one of three in a tow, after she had been cast off by the barge ahead, because of a slight collision with a schooner, so as to permit the schooner to pass through the tow, *held* due to the fault of her own master in not properly anchoring, as directed by the tug, and not to the collision.

[Ed. Note.—For other cases, see Collision, Cent. Dig. § 233; Dec. Dig. § 110.*]

Appeal from the District Court of the United States for the Eastern District of New York.

---

This cause comes here on appeal by libelant from a final decree of the District Court, Eastern District of New York, holding the tug M. E. Luckenbach at fault for a collision with the schooner Hugh Kelly at or near the junction of the Main Ship and Swash channels in New York Harbor. The court dismissed the libel filed against the steam tug for negligent towage, and the petition of the claimants of said steam tug bringing in the said schooner under the fifty-ninth admiralty rule (29 Sup. Ct. xlvi), the court finding that the collision was not the proximate cause of the stranding of libelant's barge William H. Conner, but was caused through the fault of the master of said barge in not using ordinary care to prevent his barge from drifting and stranding. Affirmed.

For opinion below, see, 200 Fed. 630.

Peter Carter, of New York City, for appellant.
Samuel Park, of New York City, for the Hugh Kelly.
J. K. Symmers, of New York City, for the M. E. Luckenbach.

Before LACOMBE, COXE, and WARD, Circuit Judges.

PER CURIAM. We have no doubt that the place of stranding is where the government witnesses locate it. That being so, it seems very plain that the stranding was due to the barge's failure to anchor in time and with sufficient chain. Judge Veeder has very fully and carefully discussed the testimony. We concur with his reasoning and conclusion.

The decree is affirmed, with costs, on his opinion.