## THE SUNNYSIDE.

### (Circuit Court of Appeals, Second Circuit. April 24, 1918.)

#### No. 188.

COLLISION ⬤═◆68—ANCHORED AND DRIFTING VESSELS—BOATS WITHOUT ANCHORS.

A collision between a motorboat, in the anchorage grounds in North River, and drifting boats, which had broken from a tow, *held* not due to any fault of the tug, but proximately caused by the fault of two of the boats in not being provided with anchors.

Appeal from the District Court of the United States for the Southern District of New York.

Suit in admiralty for collision by R. M. Bates, Jr., owner of the motorboat Rita, against the Cornell Steamboat Company, with the barges Sunnyside, A. C. McClellan, and J. S. Nolan impleaded, William W. Aldrich and others, claimants, and the barge Intrepid impleaded, the Simmons Transportation Company, claimant. Decree for libelant against the Intrepid, Sunnyside, McClellan, and Nolan, and the latter appeal. Modified and affirmed.

Hyland & Zabriskie, of New York City (N. Zabriskie, of New York City, of counsel), for appellant claimant of the Sunnyside.

Macklin, Brown & Purdy, of New York City (William F. Purdy and P. M. Brown, both of New York City, of counsel), for appellant claimants of the McClellan and the Nolan.

Harrington, Bigham & Englar, of New York City (T. C. Jones, of New York City, of counsel), for appellee Bates.

Kirlin, Woolsey & Hickox, of New York City (J. P. Kirlin and Robert S. Erskine, both of New York City, of counsel), for appellee Cornell Steamboat Co.

Haight, Sandford & Smith, of New York City (H. M. Hewitt, of New York City, of counsel), for appellee claimant of the Intrepid.

Before WARD, ROGERS, and HOUGH, Circuit Judges.

WARD, Circuit Judge. October 15, 1910, at about 8:30 a. m., the tug John D. Cordts, belonging to the Steamboat Company, started with a hawser tow consisting of 21 boats from its stakeboat in the North River, bound upstream. The boats were of irregular sizes, and some were loaded and some light. The wind being from the northwest, the light boats were properly put on the port side of the tow to protect

---

⬤═◆For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

the loaded boats on the starboard side, and two loaded boats were hung on outside of the line of boats behind the starboard hawser boat; that is, there were no boats in front of them and their fasts led to the boats alongside.

At about 10 p. m., when the tow was opposite Ft. Washington Point and on the Jersey side of the river, the lines of the boat Intrepid, which was astern of the starboard hawser boat, parted and she swung out, taking with her six boats behind her, by breaking their side lines and drifting with them on the ebb tide downstream and under the influence of a moderate northwest breeze diagonally across from the Jersey to the New York side of the river. When they had reached the north end of the anchorage ground for small vessels inside the pier head lines between 158th street and 132d street, the master of the Fortuna threw off his lines from the boat Donovan, and that boat, with the Intrepid, drifted together into the anchorage grounds between the anchored boats and the New York shore, finally landing near 135th street. The boats Fortuna, Nolan, McClellan, Sunnyside, and No. 16 remained together. The Nolan and McClellan had no anchors; the Sunnyside had an anchor, which was not dropped; the Fortuna dropped hers, and shortly after Scow 16 dropped hers, by which anchors the flotilla was held for about an hour. Then, the anchor line of the Fortuna being cut, as it is supposed, by contact with something on the bottom, the flotilla began to drift again, but fetching up from time to time, until at last it drifted over and submerged the motorboat Rita, anchored near 147th street.

The owner of the Rita filed this libel to recover his damages against the Cornell Steamboat Company, which brought in the lighter Intrepid and the boats Sunnyside, McClellan, and Nolan under the Fifty-Ninth rule (29 Sup. Ct. xlvi). The petition was defective in making no allegations of negligence; but, as the claimants of the boats answered and went to trial on the merits, the District Judge properly held they had waived the objection. There was no charge in any pleading that the flotilla was improperly made up and the District Judge found that it was not. One witness testified that an extra direct strain was brought on the starboard hawser of the tug and a lateral strain on the lines of the Intrepid. The tug's hawser did not part, and we are not satisfied that this extra lateral strain was the cause of the parting of the Intrepid's lines.

The court held that the Intrepid's lines, though large enough and so apparently sound as to make the examination of the Steamboat Company a reasonable one, were really unsound at the core, and that this was the proximate cause of the injury. He then stated that the next proximate cause was the failure of the McClellan and Nolan to be provided with anchors, of the Sunnyside to drop hers, and of the Fortuna and No. 16 to drop theirs sooner. Accordingly he directed a decree in favor of the libelant against the Intrepid, Sunnyside, McClellan, and Nolan, which were the only boats proceeded against.

We concur in the finding that the Cornell Steamboat Company in making up the tow exercised ordinary and reasonable care in examining the Intrepid's lines and was not at fault because of their actual

insufficiency. As the Intrepid did not come in contact with the Rita, she should also be discharged, unless responsible for the collision between the Rita and the other boats. There cannot be two proximate causes of the disaster, and it seems to us quite clear that if the other boats, which did ride over the Rita, had been supplied with anchors and had used them, they would not have drifted, and that their defaults in these respects were the proximate cause of what happened. The M. E. Luckenbach (D. C.) 200 Fed. 630, affirmed 214 Fed. 571, 131 C. C. A. 177. Scow No. 16 and the Fortuna were both provided with anchors and used them, and we do not think they were at fault for not using them sooner. A majority of the court are satisfied that the master of the Sunnyside could not have used his, if he had wanted to do so.

The decree, modified in the foregoing respects, is affirmed, with interest and costs to the libelant against the boats A. C. McClellan and J. S. Nolan. No costs to the claimant of the Intrepid, or to the Cornell Steamboat Company, or to the claimant of the Sunnyside.