## THE SILVIA.

(District Court, E. D. New York. September 22, 1924.)

No. 5640.

Shipping ⬤➝86(3)—Rule of equal division of damages applied.

Where the court has found that an injury resulted from concurrent faults of two vessels, and there is no distinct line of cleavage, where the result of one fault ceased and a new producing cause commenced to operate, the rule of equal division of damages must be applied.

In Admiralty. Suit by Graney Bros., Inc., against the steamship Silvia. On exceptions to commissioner's report. Overruled.

See, also, 2 F.(2d) 99.

Alexander & Ash, of New York City (Edward Ash, of New York City, of counsel), for libelant.

Kirlin, Woolsey, Campbell, Hickox & Keating, of New York City (William H. McGrann and William H. Arnold, both of New York City, of counsel), for claimant.

INCH, District Judge. This matter arises on exceptions to the commissioner's report. The interlocutory decree held both parties in fault, and directed that the damage, when ascertained, be divided.

The exceptions taken by claimant are twofold: One, that the commissioner erred in finding a total loss of the Graney; the other, that the commissioner erred in including in the damage all that happened to the Graney after a certain period in the catastrophe.

The exception to the finding of a total loss is overruled. It seems to me that the facts show such total loss.

The exceptions based on the claim that more damages have been allowed than proximately resulted from the accident present more difficult and interesting questions. After due consideration, I believe that these exceptions also should be overruled.

I base this decision on the fact that here both parties have been found to be in fault, and that where such finding exists, and is justified by the facts, the rule seems to be that the damages are divided. I quote again certain authorities mentioned in my former decision. Cayzer v. Carron Co., 9 App. Cas. 873; The Catherine, 17 How. 170, 15 L. Ed. 233; The North Star, 106 U. S. 17, 1 Sup. Ct. 41, 27 L. Ed. 91; Hughes on Admiralty (2d Ed., 1920) § 147, p. 312, and subsequent pages. "But now it is quite settled, and there is no dispute about it, that the rule of admiralty is that, if there is blame causing the accident on both sides, they are to divide the loss equally."

My attention is drawn by claimant to the following cases on which it apparently relies:

Penn. R. R. Co. v. Washburn (D. C.) 50 Fed. 335: The facts in that case are differ-

ent from the facts now before us. There certain damage was found to have arisen after the accident proper, plainly and solely, because a master would not hire men, who had offered their services, and thus, because of a desire to save money, and without the exercise of reasonable diligence, directly caused a loss of a considerable amount of the cargo. The line of cleavage between the accident and what happened thereafter was plain and readily ascertainable, and was a distinct situation which could be fairly found between the parties. It was not a case of mutual fault.

The Asbury Park, 147 Fed. 194, 78 C. C. A. 1: That case also differs from the case before us on the facts, although closer than the other cases cited. In that case the court states: "The case presented, therefore, is not one of mutual fault, the two causes contributing to produce a loss, but of two successive causes, distinct and separate from each other." Page 195. In that case the court held that the evidence showed that the boat would not have sunk, provided she had been properly pumped out, and indicates that adequate opportunity to pump out the boat existed, and that the master, instead of doing so, went to dinner.

The Luckenbach (D. C.) 200 Fed. 630, affirmed 214 Fed. 571, 131 C. C. A. 177. That case also differs on the facts from the case before us, and the court states (200 Fed. at page 637): "It is not a case of concurrent fault on the part of the tug and the barge." In that case, after the accident had happened, the master of the barge with adequate equipment ready, plainly was found to have acted in a careless manner, and thus produced what was really another complete accident.

There are other cases of somewhat similar nature, and it seems to me, in cases of mutual fault, that unless it plainly appears from the facts in each case that a decision thereon can be fairly and intelligently rendered, showing that the first accident was completed, both as to cause and effect, and thereafter something happened, in which only one party was concerned, that the rule of half damages as applied here is the proper rule. To be sure there runs through some of these cases of half damages a situation of fact, where two vessels are damaged, and, as the learned author (Hughes) states, "there is a tendency to extend this doctrine of comparative negligence." Page 317.

After all, this dispute would seem to be, not so much as to whether the damages should here be halved, which would rather be in favor of claimant, whose vessel was found to be the cause of the accident, as to what damages should be so halved. In any case, only such damages can be recovered which are the natural and proximate result of a negligent act. This is often a difficult question to decide. It is conceivable that acts may increase and contribute to damages without being the producing cause thereof, as understood in the law. The Leland (D. C.) 19 Fed. 771, at page 780.

On the argument claimant intimated that the damages here would have been less if the Graney had been sunk where she lay, necessitating but her raising. Possibly this is so, but there is no proof in the record that I can find that indicates that assuredly the Graney would have so sunk. In fact, one of the claims of the libelant is, and it was one of the excuses most strenuously urged, that the operator of the Graney cut the lines to make her sink, and surely, if this were so, the libelant should not be blamed because under such circumstances the Graney refused to sink.

On the contrary, however, it seemed to me that it should have been plain to the operator that the Graney would not so sink, and yet in his endeavor to obtain this result he cut her adrift, and this was one of the several faults that I found contributed to the accident and the damages resulting therefrom, and thus caused by the mutual fault of both the Silvia and the Graney. In other words, in this case I am unable to see on the proof that clear line of cleavage which would be necessary to enable me to say, in justice to the parties, that here the accident proper, with all its surrounding circumstances, ended, and here a new negligent act or producing cause commenced.

Two distinct causes and effects, it seems to me, should plainly appear; else the rule followed by the commissioner in this case should apply. In the cases cited by claimant and others examined by the court, as already referred to, and aside from the question of mutual fault, such two causes clearly appear. They do not with equal clearness and certainty appear in this case.

The libelant objects to the commissioner having failed to include certain items made necessary to show that a total loss existed. My opinion is that they should have been allowed. In fact, I do not understand that claimant seriously disputes as long as a total loss is found. Accordingly, claimant's

exceptions are overruled. Libelant's exception is sustained, and the report, as modified, is confirmed.

Settle final decree on notice.