## THE PANTHER.

(Circuit Court of Appeals, Second Circuit. January 5, 1925.)

No. 121.

**1. Towage ⚍II(6)—Captain of tug negligent in permitting barge to drift.**

Captain of tug, in permitting barge to drift while landing other barge when tide was flood, was negligent.

**2. Towage ⚍II(6)—Absence of anchor from barge equipment held sole proximate cause of collision while drifting.**

Barge injured in collision, when permitted by tug to drift without anchor as part of equipment, *held* solely at fault, notwithstanding negligence of tug captain, since failure to have anchor was intervening negligent fault and sole proximate cause.

Appeal from the District Court of the United States for the Eastern District of New York.

Libel in admiralty by Michael J. Derby against the steam tug Panther, her engines, etc., claimed by the New York Marine Company. Decree for libelant, and claimant appeals. Reversed.

Certiorari denied 45 S. Ct. 508, 69 L. Ed. ——.

Barry, Wainright, Thacher & Symmers, of New York City (James K. Symmers, of New York City, of counsel), for appellant.

Macklin, Brown & Van Wyck, of New York City (Pierre M. Brown, of New York City, of counsel), for appellee.

Before HOUGH and MANTON, Circuit Judges, and LEARNED HAND, District Judge.

MANTON, Circuit Judge. [1, 2] On January 13, 1922, at 6:45 p. m., the Panther had in tow the barges Conway, Hancock, and McLoughlin to be delivered at the foot of Fifty-Eighth street, North River. The Conway and Hancock were in the first tier, the Conway being the port barge, and astern of these was the McLoughlin. When midway between Twenty-Third street and Thirtieth street, the Panther cast off both the Conway and Hancock and proceeded with the McLoughlin to Thirtieth street. The reason for this was stated to be that there was heavy ice on the New York side which prevented the Panther from landing the two barges on that side while the McLoughlin was being placed in the Thirtieth street slip. The tide was flood, running at the rate of about one knot. While the Panther was thus engaged and before she made her return, it was nearly an hour. The Conway came into collision with the New York, which was anchored west of Fifty-Ninth street, and damaged. There is testimony, which is denied, that the tug captain told the captains of the Conway and Hancock that he was going to let them drift while he was taking the McLoughlin to Thirtieth street, and that he would return to them, to which the barge captains replied: "All right, Cap.; we will go along until you come back." We need not consider the truth or falsity of this statement, for we are obliged to exonerate the Panther from fault which contributed to the collision because of the fact that the Conway did not have an anchor as part of her equipment. It undoubtedly was neglect to let this barge drift, as the Panther did; but the proximate cause of the contact was the fault of the Conway in not having an anchor which it might have dropped and have avoided the drift and collision with the New York. This court has held that there cannot be two proximate causes of such a disaster, and that in such a disaster as this, the failure to have an anchor is an intervening negligent fault which is the proximate cause. This, for the reason that but for the drift, the defaults of the others would not have brought about the happening of the collision. The Sunnyside, 251 F. 271, 163 C. C. A. 427; M. E. Luckenbach (D. C.) 200 F. 630, affirmed 214 F. 571, 131 C. C. A. 177; The Barge Red Eagle, 3 F.(2d) 541, decided in this court November 3, 1924.

It is urged that the Panther is in part at fault and should be held responsible for the payment of one-half the damages. Reliance is placed on The Westchester, 254 F. 576, 166 C. C. A. 134; and The Etruria, 147 F. 216, 77 C. C. A. 442. In The Westchester there was an unexplained breaking of the propeller shaft of a tug in charge of a tow. The barge went adrift and later stranded. It was held that it could not be said with reasonable certainty that if it had been equipped with anchor, stranding would have been avoided and both the tug and barge were

held for half damages. In The Etruria a tug cast adrift two lighters having neither motor power nor means of signaling, and a collision occurred between one of the lighters and a steamship passing out to sea, which did not see the lighters until 1,000 feet away from them. The steamship was held chargeable with contributory fault in failing to see the lighters and in going at such a rate of speed that she was unable to avoid the collision. No unseaworthiness was established because of the lack of anchor. That failure was held not to be the proximate cause of the collision. The Panther may not be held at actionable fault here, and the proximate cause·must be found to be that the barges were unseaworthy in not being equipped with an anchor.

Decree reversed.