## THE CHARLES R. McCORMICK.

## THE YOSHIDA MARU NO. 1.

(District Court, D. Oregon.   July 19, 1926.)

1. Collision ⊙⇒104.

Vessel violating Rules of Navigation, art. 25 (Comp. St. § 7899), by attempting starboard passing in narrow channel, to avoid liability for collision, must show that it was unsafe or impracticable for her to observe rules.

2. Collision ⊙⇒104.

Vessel, attempting starboard passing in narrow channel in violation of Rules of Navigation, art. 25 (Comp. St. § 7899), to avoid liability for collision, must show, not merely that her fault did not contribute to collision, but that it could not have done so.

3. Collision ⊙⇒91.

Vessel attempting starboard passing in narrow channel, in violation of Rules of Navigation, art. 25 (Comp. St. § 7899), cannot avoid liability for collision merely by raising doubt as to proper navigation of other vessel.

In Admiralty.   Consolidated libels, one by the Yamashita Kisen Kabushiki Kaisha against the American steamship Charles R. McCormick, her engines, etc., the McCormick Intercoastal Steamship Company, claimant, and the other by the McCormick Intercoastal Steamship Company and another against the Japanese steamship Yoshida Maru No. 1, her engines, etc., the Yamashita Kisen Kabushiki Kaisha, claimant.   Decree for respondent in first libel, and for libelant in the second.

Huffer, Hayden, Merritt, Summers & Bucey, of Seattle, Wash., for Japanese corporation.

Ira S. Lillick and J. Arthur Olson, both of San Francisco, Cal., for the McCormick.

Ridgeway, Johnson & Montgomery, of Portland, Or., for McCormick Intercoastal Co.

BEAN, District Judge.   This litigation grows out of a collision between the steamers Yoshida Maru and the McCormick in the lower Columbia river, between Flavel and Ft. Stevens, about 3 o'clock in the morning of April 17, 1925. The Yoshida Maru was proceeding downstream with a cargo of lumber, and the McCormick was coming up the river partly loaded. As is usual in cases of this character, there is a sharp conflict in the evidence, and much of it is irreconcilable. I have read and re-read it carefully, but shall not attempt to review it, because, in my judgment, the admitted or established facts fix the liability.

The vessels were approaching each other in a narrow channel. The rules of naviga-tion required the Yoshida Maru to keep to the right or north side of the channel, unless it was unsafe or impracticable for her to do so. Article 25 (Comp. St. § 7899). In place of observing this rule, she sounded two blasts of her whistle when about a mile and a half from the McCormick, for the reason, as her pilot says, that he desired to obtain the consent of the McCormick to pass to the left, because he wanted the deep waters on that side of the river. The whistles were not heard by the McCormick, and the Yoshida Maru, when from half to three-quarters of a mile from the McCormick, repeated her two blasts. About that time the McCormick sounded one blast of her whistle, but whether before or after the two blasts of the Yoshida Maru is in dispute. Soon thereafter the collision occurred.

[1, 2] The Yoshida Maru having violated the rules of navigation, the burden of proof is on her to justify her departure therefrom by showing that it was unsafe or impracticable for her to observe them. This she has not done. There was abundant room for her to have passed on her own side of the channel at the time she initiated the movement, and her pilot says that he could at that time have gone to either side. If she had observed the rule, the collision would not have occurred. She therefore cannot avoid liability without showing, not merely that her fault did not contribute to the collision, but that it could not have done so. In the absence of credible evidence of fault on the part of the McCormick, the collision must be attributed solely to her fault. The Pennsylvania, 19 Wall. 125, 22 L. Ed. 148; The Victory, 168 U. S. 410, 18 S. Ct. 149, 42 L. Ed. 519; The Geo. S. Schultz, 84 F. 508, 28 C. C. A. 476; The Thielbek, 241 F. 209, 154 C. C. A. 129; The Beaver, 219 F. 134, 135 C. C. A. 32.

It is claimed the McCormick was coming up the north side of the channel, and therefore the Yoshida Maru was justified in initiating a starboard to starboard passage; but I do not so understand the evidence. The usual and proper course for a vessel coming up the river is on the south side of the channel. The presumption is that the rule was observed (The Old Point Comfort, 187 F. 765, 109 C. C. A. 513), and this presumption is supported by the direct and positive testimony produced on the part of the McCormick. Moreover, it is, I think, apparent that the Yoshida Maru did not understand that she was entitled to a starboard to starboard passage. The truth of the matter, as I take it, is that she wanted the south

side of the channel, and intended to force the other vessel to give it to her. The McCormick was not bound to agree to the proposed movement when she heard the two blasts, as the circumstances at that time did not require a departure from the ordinary rules (The John King, 49 F. 469, 1 C. C. A. 319; The Cygnus, 142 F. 85, 73 C. C. A. 309); for, as stated by Judge Taft, in The New York, 86 F. 814, 30 C. C. A. 628:

"Where a vessel has no right to pursue a particular course without receiving the assent of the vessel she is meeting, the whistles she uses to obtain that assent are merely invitations to an agreement contrary to the usual mode of passing, and are not to be taken as a distinct indication that, on failure to obtain the assent she seeks, she will violate the rules of navigation, at least until there is something additional in her conduct to justify such an inference."

[3] There is much testimony concerning the engine and helm movements and the navigation of the McCormick and the location of her lookout, and a learned argument based thereon, in an attempt to show that, if the Yoshida Maru was at fault in initiating a passage in violation of the rules, the McCormick was nevertheless responsible for the collision; but the Yoshida Maru cannot escape liability by merely raising a doubt as to the proper navigation of the other vessel, and this, to my mind, is all the evidence shows. Lie v. S. F. & P. S. S. Co., 243 U. S. 291, 37 S. Ct. 270, 61 L. Ed. 726; The Victory, 168 U. S. 410, 18 S. Ct. 149, 42 L. Ed. 519; The Pocomoke (D. C.) 150 F. 193; The Geo. S. Schultz, 84 F. 508, 28 C. C. A. 476.

It follows, therefore, that the Yoshida Maru was solely at fault, and decrees may be prepared accordingly.