## WOOD TOWING CORPORATION v. TOMASOS.

Circuit Court of Appeals, Fourth Circuit.
April 10, 1928.

No. 2667.

Collision ⬡⟹102(2)—Both vessels held at fault, one for insufficient lights and other for proceeding without ascertaining source of signal, and damages divided equally.

Both vessels *held* at fault in collision, where lights of one were not burning with sufficient brightness, and the master of the other proceeded on course across channel after having heard, and answered, blast of whistle and having stopped, without first making certain that no steamer was coming down channel, and damages properly divided equally.

Cross-Appeals from the District Court of the United States for the Eastern District of Virginia, at Norfolk; D. Lawrence Groner, Judge.

Libel by the Wood Towing Corporation against N. Tomasos, master and claimant of the Greek Steamship Despina. From the decree, the libelant appeals, and the respondent filed cross-appeal. Affirmed.

John W. Oast, Jr., of Norfolk, Va., for appellant and cross-appellee.

H. H. Little, of Norfolk, Va. (Hughes, Little & Seawell, of Norfolk, Va., on the brief), for appellee and cross-appellant.

Before PARKER and NORTHCOTT, Circuit Judges, and WEBB, District Judge.

NORTHCOTT, Circuit Judge. This is an appeal from a decree in admiralty entered in the District Court of the United States for the Eastern District of Virginia, on the 9th of June, 1927, ordering that the appellant recover from the appellee the sum of $8,184.-10, together with one-half of the cost of the proceeding.

On December 30, 1926, at about 5:45 p. m., the master of tug Alvah H. Boushell, owned by the Wood Towing Corporation, a corporation, was in charge of the shifting of the Luciston, an English vessel, 420 feet in length, from a point in Anchorage D in Hampton Roads, on the west side of the channel, to an inshore berth on the south side of the Virginian Railway Company's pier No. 2, at Sewalls Point, Va. At the time it was dark, and the weather was clear and moderate. The Alvah H. Boushell was moored on the starboard side of the Luciston forward of the ship's bridge, and the tug Nonpariel was moored on the starboard quarter of the ship. The master of the tug Alvah H. Boushell was on the ship's bridge, and in charge of the navigation of the ship. With the tug's engines idle and under the power of the steamship's engines, the Luciston was proceeding easterly on a course which would carry her across the channel. As she approached the channel near Gas and Bell Buoy No. 8, the master of the tug Alvah H. Boushell heard one blast of a whistle from the southward. This he immediately answered, and stopped the Luciston. The master of the tug Alvah H. Boushell and the master of the Luciston claim to have carefully searched for the lights of an approaching vessel from which the blast of the whistle came, and, seeing none, concluded that the whistle heard was blown by another steamer that could be seen in some distance away. The Luciston again proceeded on her course across the channel toward the pier. In the meantime, the steamship Despina, a Greek vessel, 336.5 feet long, that was coming down the channel on her way to sea, on a course at right angles to the course of the Luciston, appeared in close proximity to the Luciston, and the two vessels collided. Although the force of the collision was not very great, the starboard forward quarter of the tug Alvah H. Boushell was caught between the two ships and crushed. She was so damaged that she had to be beached at a point east of the channel.

The Wood Towing Corporation libeled the Despina, and on final decree the judge below fixed the damages to the Alvah H. Bou-shell at the sum of $16,368.19, and divided said damage equally between the owner of the tug and the steamship Despina. From which decree the libelant, the Wood Towing Corporation, appealed, and the respondent, N. Tomasos, master and claimant of the steamship Despina filed a cross-appeal.

The trial judge who heard the witnesses, some in person and some by deposition, made the following findings of fact: That the lights of the steamship Despina were not burning with sufficient brightness, and could not be seen at a distance in excess of 1,500 feet; that the Despina's lights were not in accordance with the regulations, and, therefore, not lawful lights; that the master of the tug Alvah H. Boushell was at fault in proceeding on his course across the channel after having heard the blast of a whistle and answering it and after having stopped, without first making certain that no steamer was coming down the channel; that there was no fault in the conduct of those in command of both vessels at the moment when they were in extremis; and that, both vessels being at fault, the damages should be divided equally.

A careful review of the evidence in the case leads us to conclude that, in reaching these various conclusions of fact, the learned judge below was right. It is difficult to see how we could have reached any other conclusion. The evidence was clear and conclusive that there was something wrong with the lights of the Despina, and that they were not sufficiently bright, and this evidence came from a number of reliable and entirely disinterested witnesses, who could have had no motive for misrepresentation.

The master of the Alvah H. Boushell, in charge of the Luciston, and the two tugs, and the master of the Luciston, both admit that they heard the blast of a whistle signalling her course down the channel, and that the signal was answered and the Luciston brought to a stop. They both admitted that they got under way and proceeded across the channel on their course without having ascertained correctly from whence the whistle came. The evidence also establishes the fact that at the moment preceding the collision both vessels were handled in their proper manner. We approve all the findings of fact by the judge below.

It is contended on behalf of the libelants that there cannot be two proximate causes of a disaster, and that the entire blame should be placed on the steamship Despina, and a number of cases are cited. The Sunnyside (C. C. A.) 251 F. 271; The Panther (C. C. A.) 5 F. (2d) 64.

While the reasoning in the opinions in

these cases cited is undoubtedly sound, we cannot agree in their application to this case or the conclusion reached by counsel for libelant.

It has long been an established principle in admiralty, both in England and the United States, that there may be a division of damages in cases of collision, where both vessels are in fault, and a number of decisions of the United States Supreme Court might be cited to this effect. So far as we can find, there are no conflicting opinions on this point. City of Hartford v. Rideout, 97 U. S. 330, 24 L. Ed. 930; The Max Morris, 137 U. S. 9, 11 S. Ct. 29, 34 S. Ct. 586. In the case last cited, a discussion of this point and a citation of authorities will be found.

The court below was correct in its findings, both of law and fact, and the decree, dividing the damages equally between the two parties at fault, is accordingly affirmed.