## THE KANGAROO.

## SOUTHERN PAC. CO. v. ATLANTIC LIGHTERAGE CORPORATION.

Circuit Court of Appeals, Second Circuit.
January 20, 1930.

No. 176.

Burlingham, Veeder, Fearey, Clark & Hupper, of New York City (Chauncey I. Clark and Frederic Conger, both of New York City, of counsel), for appellant.

Macklin, Brown, Lenahan & Speer, of New York City (Horace L. Cheyney, of New York City, of counsel), for appellee.

Before MANTON, L. HAND, and MACK, Circuit Judges.

PER CURIAM. On April 13, 1926, the appellant's barge Cuba lay anchored outside of two other barges on the north side of Pier 50, North River, 100 feet in from the pier end. The appellee's steam lighter Kangaroo, with four loaded barges in tow astern, in two tiers of two boats each, entered the slip between Piers 50 and 51, and collided with the starboard side of the Cuba. It was admitted by the master of the Kangaroo that his flotilla was drifting and not under control for five minutes before colliding with the Cuba, due to the fact that the propeller wheel had slipped back on the shaft against the rudder post; the key fastening the wheel to the shaft, with its cap and nut, having been lost. The damage to the propeller was a chip out of one of the blades, and the stern guard was broken, and the backing block was broken and partly carried away.

The Kangaroo had an anchor all ready to let go during the period she was drifting. The bottom in the vicinity was good for anchoring, and the time was ample to have dropped an anchor, and, if dropped, the collision would have been avoided. Failure to anchor under these circumstances was the proximate cause, and resulted in the damage to the Cuba. Cranberry Creek Coal Co. v. Red Star Towing & T. Co. (C. C. A.) 33 F. (2d) 272; The Plymouth (C. C. A.) 232 F. 687; The Panther (C. C. A.) 5 F.(2d) 64; The Sunnyside (C. C. A.) 251 F. 271.

The decree is reversed, with directions to enter a decree for appellant, with costs.