## TUTHILL *v.* UNITED STATES.

*(District Court, N. D. Illinois.　April 29, 1889.)*

1. COURTS—FEDERAL—JURISDICTION OF SET-OFF BY UNITED STATES.
    Under Rev. St. U. S. § 563, conferring on the United States district courts jurisdiction "in all suits at common law brought by the United States," etc., the district court has jurisdiction of a set-off interposed by the United States to an action by a district attorney to recover fees brought under act Cong. March 3, 1887.

2. DISTRICT ATTORNEYS—COUNSEL FEES.
    Under Rev. St. U. S. § 824, providing that where an indictment "is tried before a jury, and a conviction is had, the district attorney may be allowed, in addition to the attorney's fee herein provided, a counsel fee in proportion to the importance and difficulty of the case, not exceeding $30," the attorney is entitled to a counsel fee in a case where the defendant pleads not guilty, and the prosecution produces its evidence, even though the defendant offers no evidence, or then consents to a verdict of guilty.

3. SAME—REVISION OF ACCOUNTS BY TREASURY OFFICERS.
    While Rev. St. § 846, and act Feb. 22, 1875, § 1, seem to reserve to the accounting officers of the treasury a right of revision of the accounts of the district attorney after they have been allowed by the court, this right of revision must be exercised when the account comes before those officers for action upon it; and after they have passed the account as allowed by the court, and it has been paid, it cannot afterwards be impeached, except for fraud or palpable mistake.

At Law.　Suit by Richard S. Tuthill for fees as district attorney.
*A. S. Bradley* and *Jesse A. Baldwin,* for plaintiff.
*W. G. Ewing,* U. S. Atty., for defendant.

BLODGETT, J.　This suit is brought under the second section of the act of March 3, 1887, entitled "An act to provide for the bringing of suits against the government of the United States." It is to recover a claim made by the plaintiff against the United States for services rendered by the plaintiff while acting as district attorney for this district. It is admitted that plaintiff was duly appointed, confirmed, and commissioned as United States district attorney for this district, and that he was acting as such from the 1st day of January to the 1st day of October, 1886.

The proof also shows that while so acting as district attorney, plaintiff, by the direction of the secretary of the treasury, appeared for the defend-ant, and conducted the defense in the case of *De Vries* v. *Jesse S. Hildrup,* which was a suit brought on the chancery side of the United States circuit court of this district against Hildrup, as marshal of the United States for this district, in which the plaintiff sought to have a sale of his real estate, which had been made on an execution issued upon a judgment rendered in said circuit court in favor of the United States against the plaintiff and others, as sureties on the bond of ———— Harper, collector of internal revenue for one of the collection districts of this state, set aside, and for an injunction restraining the execution of a deed of said real estate. The suit seems to have involved quite a large sum of money, and was vigorously and ably contested by plaintiff in behalf of the government, (for it was practically a suit against the government,) and resulted, after a full hearing upon pleadings and proofs, in a finding by the court in favor of the defendant, and the dismissal of the bill for want of equity, and the proof satisfactorily shows that the services of the plaintiff in that suit were reasonably worth the sum of $500, which is the amount claimed, and which was allowed to him by the learned circuit judge who heard and decided the case. The proof also shows that plaintiff, while acting as such district attorney, made a very full and thorough examination by direction of the attorney general of the United States in regard to the right of the United States to construct and maintain what is known as the "outer harbor" of the city of Chicago, and that such services were reasonably worth the sum of $300. The plaintiff also claims the sum of $175 for attendance 35 days before P. A. Hoyne, circuit court commissioner of this district, on examination of persons charged before such commissioner with crimes against the laws of the United States, and the proof shows that plaintiff, as such district attorney, rendered services on the 35 different days mentioned in his bill of particulars filed in this case, in examinations before the commissioner as charged; and section 824 of the Revised Statutes of the United States fixes the compensation of the district attorney for such services at five dollars per day. These several items of service must therefore be deemed to be fully established by the proof. I understand from the argument of the case that the only objection to this item of the plaintiff's claim for *per diem* before the commissioner is that the commissioner has not charged a *per diem* for three of the days included in this account, that is, for the 6th, 7th, and 9th days of August, 1886, and it is therefore argued that the district attorney could not have appeared or been engaged before the commissioner on those days. But the dockets of the commissioner, produced in evidence, show that the hearings were had on those days before him of cases wherein persons were charged with offenses against the United States, and that the plaintiff appeared for the government in those cases; and the same fact is also shown by the oral testimony submitted in the case. I may say that there is really no contest as to the fact that the plaintiff rendered the services for these items of $500, $300, and $175, except as to the three *per diems* for attendance before the commissioner; and the

proof clearly shows, as I have already said, that these three *per diems* are a proper charge against the government.

The main contest in this case is upon a plea of set-off interposed by the government. All these items were duly allowed to the plaintiff by the court, pursuant to the provisions of the first section of the act of February 22, 1875, entitled "An act regulating fees and costs," etc., (18 St. at Large, 333,) and the accounting officers of the treasury, after examination and revision, allowed the sum of $750 in full for these three items, but instead of paying the sum so allowed the first comptroller of the treasury proposed to apply the sum so allowed on a claim for $2,500, or near that amount, presented by the accounting officers against the plaintiff for fees which, as it was then, and is now, claimed, had been theretofore illegally charged by the plaintiff against the government, and duly audited, approved, and paid, and this is pleaded as a set-off or counterclaim against the plaintiff's right of recovery in this case, with a claim for a judgment against the plaintiff for the balance due the government, after deducting what is found due the plaintiff on the claims set out in his petition. The first question made as to this set-off is that this court has no jurisdiction to pass upon or consider it, because the second section of the act of March 3, 1887, under which this suit is brought, only clothes the district court with jurisdiction to hear and adjudge on claims against the United States where the amount claimed does not exceed $1,000, but by clause 4, § 563, Rev. St., jurisdiction is conferred on this court "in all suits at common law brought by the United States, or any officer thereof, authorized by law to sue." And as a set-off or counterclaim is, in effect, a suit by the defendant against the plaintiff, in which defendant may have a judgment against the plaintiff for the balance found due the defendant, (chapter 110, § 29, Rev. St. Ill.,) I can see no reason why the set-off is not well pleaded, and this court authorized to pass upon its merits.

The facts in regard to this defense are that, while plaintiff was acting as district attorney of this district he rendered accounts which were approved by the court, as required by the statute, for fees earned in the prosecution and trial of criminal causes, which accounts were duly allowed by the first auditor and first comptroller of the treasury, and paid. Subsequently an accountant of the department of justice examined the records of the court in regard to these accounts for fees, and reported that the plaintiff, as such district attorney, had wrongfully charged and been allowed attorney's fees of $20, and counsel fees in addition to such attorney's fees to the amount of $30 or less in each case, under section 824 of the Revised Statutes, in a large number of criminal cases tried before a jury, where the record showed there was a verdict of guilty rendered by the "consent of the defendant," and that the government had the right to insist upon the repayment of these alleged illegal attorney and counsel fees, the aggregate of which amounts to the $2,500 now here pleaded as set-off. And in accordance with the report and recommendation of this examiner the comptroller insists upon applying so much of plaintiff's account as is claimed in this suit, and admitted

to be valid, upon this claim for repayment. An examination of the record in the cases in which the examiner reported these illegal attorney and counsel fees to have been allowed and paid, shows that indictments were duly found and returned into court by the grand jury; that the defendants were arraigned, and pleaded "not guilty;" and that a jury was duly selected, impaneled, and sworn; witnesses called, who were sworn and testified in behalf of the government; and a verdict of guilty rendered; the clerk stating in the record that the verdict was taken "by consent of defendant." And the assumption by the examiner and comptroller seems to be that these words, "by consent," imported that there was, in effect, no trial by the jury, and hence only an attorney's fee of $10, and no counsel fee, was earned in those cases.

With all due respect to the astute examiner who reported these fees as illegal, I must say that I construe these words, "by consent," found in the records, to simply and only mean that after the testimony for the prosecution had been submitted to the jury the defendants found themselves unable to contradict it, or interpose any valid defense to it, and hence offered no testimony, submitting the case on the proofs adduced by the prosecution. Every judge and lawyer who has had experience in the trial of criminal cases knows that it is a matter of common occurrence for a defendant to plead "not guilty," and put the prosecution to proof of the offense charged, hoping that the prosecution may fail in its proof on some material point, and thereby an acquittal may be secured, but when the proof is in, and the case is so clearly made out as to completely silence any attempt at answer, the verdict of guilty is submitted to in a certain and limited sense by consent, because no reason is urged by defendant against the sufficiency of the proof. The plea of "not guilty," interposed in these cases, made it imperative that a trial by jury should be had. If a trial by jury was had, an attorney's fee of $20 in each case, and a counsel fee to some extent, may be said to have been earned, although the defendant may have offered no proof, and submitted to, or even consented to, a verdict of guilty. The statute provides that where "an indictment for a crime is tried before a jury, and a conviction is had, the district attorney may be allowed, in addition to the attorney's fee herein provided, a counsel fee in proportion to the importance and difficulty of the case, not exceeding $30." The allowance of a counsel fee, as it seems to me, should be made by the court before whom the case is tried, and who must be presumed to know something of the importance and difficulty of the case; and this allowance of a counsel fee may be made on the special motion of the district attorney in each case, or it may be allowed by the court in the accounts of the district attorney. In either case it would be a judicial act.

Section 846, Rev. St., and the first section of "An act regulating fees and costs, and for other purposes, approved February 22, 1875," both seem to reserve to the accounting officers of the treasury a right of revision of the accounts of the district attorney, even after they have been allowed by the court; but it seems very clear to me that this is a right of revision only, and, unless that right is exercised when the account

comes before the officers for action upon it, the action of the court in approving the account is final; and it also seems equally clear that where the accounting officers who have the right of revision under the statute have passed the account as allowed by the court, and the accounts have been paid, that is a final act, and the officer whose accounts are thus approved and paid cannot afterwards be called upon for repayment. From any view I have been able to take of this question, or that has been suggested, this claim of set-off could have no possible standing except upon the ground of fraud or palpable mistake, and I cannot see how fraud or mistake can be insisted on as to these attorney and counsel fees, as the statute gives the unqualified right to the attorney's fee of $20 in each jury case, and the right to a counsel fee not exceeding $30 in each jury case,—the amount to be allowed for the counsel fees being left to the judgment or discretion of some one, either the judge who tried the case, or the accounting officers, or each in turn; and when the discretion has been exercised by these officers, and the account paid, that must end the right of the government to question the right of the district attorney to the amount. It seems to me palpably unjust to the plaintiff to refuse payment of these claims on the ground of this assertion of the right of set-off here set up. The issue is found for the plaintiff.