## SEABOARD STEVEDORING CORPORATION v. SAGADAHOC S. S. CO.

Circuit Court of Appeals, Ninth Circuit.
May 20, 1929.

No. 5543.

J. Hampton Hoge and Lillick, Olson & Graham, all of San Francisco, Cal. (Joseph J. Geary and John C. McHose, both of San Francisco, Cal., of counsel), for appellant.

Erskine Wood (of Wood, Montague & Matthiessen), of Portland, Or., and Joseph B. McKeon (of McCutchen, Olney, Mannon & Green), of San Francisco, Cal., for appellee.

Before RUDKIN, DIETRICH, and WILBUR, Circuit Judges.

DIETRICH, Circuit Judge. By the decree appealed from, the appellee, a shipowner, recovered from the appellant, a stevedoring company at San Francisco, the amount which it had under a prior decree been compelled to pay to one Freshley as damages suffered by him while employed in stevedoring appellee's ship and found by the court below to have resulted from appellant's fault in failing to put in place a hatch cover. The following facts are uncontroverted: The Sagadahoc sailed from New York with a cargo of steel for Pacific Coast ports. At San Francisco she was stevedored by appellant, her regular stevedore at that point. Upon discharging the cargo out of No. 2 lower hold, appellant covered the 'tween deck hatch, and after discharging a consignment of woven wire stowed a quantity of thin steel sheets on the after section thereof; the sheets being 3 feet wide and 6 or 8 feet long. This after section is about 4½ feet wide and is covered by means of boards of about that length and from 18 to 24 inches in width, running fore and aft, and when properly placed resting at either end upon a flange and abutting the shoulder of the king beam. With the hatch so concealed by the sheet steel the vessel proceeded to Portland, Or., where she was turned over to a local stevedoring company for unloading. Employed by that company, Freshley, with his partner Walser, was unloading the steel sheets. One at each end, they picked up a sheet and threw it on

a cargo tray which when loaded was hoisted out of the hatch. It was nighttime and Freshley worked at the after end of the hatch. As the two men picked up the bottom sheet and moved forward with it, Freshley stepped on the after end of one of the cover boards, it gave way, and with it he fell into the hold, suffering severe injury. For the injury he brought suit against the appellee in the admiralty court at Portland and recovered. In that suit appellee was unable to implead the appellant and was also unsuccessful in its efforts to persuade it to appear or in any wise aid in or furnish information for the defense. Subsequently appellee satisfied the decree and brought this suit at San Francisco.

Due to the warping of the king beam forward of the hatch, the space to be covered was not of uniform width, and hence the boards varied slightly in length and, as claimed by appellee, were numbered in order. It was and is appellee's contention that in replacing the boards after discharging the cargo at San Francisco out of No. 2 lower hold, appellant's employees carelessly failed to follow this order, and, finding the board in question too long for the place where they sought to insert it, they left it with the after end properly resting on the flange but the forward end riding on the shoulder of the king beam, a defective condition which could not afterwards be observed because it was concealed by the overlying pile of sheet steel. So placed there was nothing to keep the board from gradually working forward until the after end became disengaged from the flange. The evidence strongly tends to support this theory, and, the lower court having so found, we would not be warranted in disturbing the finding. Immediately after the accident the board was brought up from where it fell and was shown to be too long for the space in which it had been placed. The fact that after the cover was put on in San Francisco appellant's employees walked over it in discharging the wire is wholly inconclusive, and at most by inference creates a conflict. It is further suggested that appellee's officers, or some of them, were about the ship while she was discharging, but it is not contended that any one of them had knowledge that the board was improperly placed; indeed, the defense is that it was not so placed. We are aware of no rule under which the ship's officers should be required for appellant's benefit to exercise a high degree of vigilance to see that it performs a plain duty.

Affirmed.