## PORELLO v. UNITED STATES et al.

District Court, S. D. New York.

Oct. 18, 1943.

Jacob Rassner, of New York City, for libellant.

James B. McNally, U. S. Atty., of New York City (William E. Collins, Sp. Asst. to U. S. Atty., of New York City, of counsel), for respondent.

Anthony Blasi, of New York City, advocate.

COXE, District Judge.

These are exceptions filed by the United States to a libel for damages for personal injuries.

The libellant was a stevedore in the employ of an independent stevedoring company engaged in loading the S. S. Thomas Stone, a public vessel of the United States. He was injured on September 23, 1942, while working on the vessel, and the libel alleges that his injuries were caused solely by the negligence of the United States.

The suit is brought under the Act of March 3, 1925, 43 Stat. 1112. Section 1 of this Act, 46 U.S.C.A. § 781, reads as follows: "A libel in personam in admiralty may be brought against the United States, or a petition impleading the United States, for damages caused by a public vessel of the United States, and for compensation for towage and salvage services, including contract salvage, rendered to a public vessel of the United States: Provided, That the cause of action arose after the 6th day of April, 1920."

The government contends that the suit is not authorized by the statute. The argument is that the words "damages caused by a public vessel" refer to damage done physically by the vessel itself, as in the case of a collision, and not to damages for personal injuries caused by the negligence of employees. I do not think that this argument is tenable; the vessel has no volition of its own and can act only through employees; it causes the damage just as much in personal injury cases as in cases involving collision damage. The language of the section is clear as it stands, and I can see no reason to read into the statute qualifying words which would materially restrict its application. See Dobson v. United States, 2 Cir., 27 F.2d 807, certiorari denied 278 U.S. 653, 49 S.Ct. 179, 73 L.Ed. 563; State of Maine v. United States, D.C., 45 F.Supp. 35.

The exceptions filed by the United States to the libel are overruled.