## MILITANO v. UNITED STATES.
## THE BENJAMIN HAWKINS.

District Court, S. D. New York.

Dec. 3, 1943.

Jacob Rassner and Benjamin Green, both of New York City, for libelant.

Corydon B. Dunham, of New York City, for respondent.

CONGER, District Judge.

Action by libelant against the United States of America for damages for personal injuries alleged to have been received by libelant while he was employed as a seaman aboard the vessel S. S. Benjamin Hawkins which it is claimed was owned and operated by respondent.

Libelant contends that the accident which resulted in his injuries was caused and brought about by the carelessness and negligence of respondent, its agents, servants and employees in failing and neglecting to provide libelant with a safe place to work and with sufficient, adequate and proper tools, appliances and implements.

The action was brought under the Jones Act, 46 U.S.C.A. § 688.

Libelent has moved to dismiss the affirmative defenses set up in respondent's answer, paragraphs seventeenth, eighteenth, nineteenth, twentieth and twenty-first. On the argument, libelant's attorney withdrew his objection to affirmative defense fifth (paragraph twentieth of the answer).

■ The second separate defense in the answer (paragraph seventeenth) sets up the defense of assumption of risk. It has now been definitely decided that the defense of assumption of risk is not a defense in a suit brought by a seaman under the Jones Act for the negligent failure of a master to provide safe appliances or a safe place in which to work. Beadle v. Spencer, 298 U.S. 124, 56 S.Ct. 712, 80 L.Ed. 1082; The Arizona v. Anelich, 298 U.S. 110, 56 S.Ct. 707, 80 L.Ed. 1075.

Certainly under the allegations of the libel, paragraphs tenth, eleventh and twelfth, libelant comes within the benefits given seamen under the Jones Act as defined in the two aforesaid cases.

Both libelant and respondent, however, in arguing the motion before me and in their briefs have gone beyond the facts set forth in the libel. Both agree, apparently, that libelant was a stevedore working on the ship in question when he was injured.

■ It has now been determined that the term "seaman" includes stevedores engaged in the maritime work of stowing cargo. Libelant comes within this designation. International Stevedoring Co. v. Haverty, 272 U.S. 50, 47 S.Ct. 19, 71 L.Ed. 157.

There the court did not pass upon the question of assumption of risk, but did adjudicate that a stevedore, as described above, could commence an action as a "seaman" under the Jones Act and that thereby he could recover even though the accident was caused by a fellow servant.

・ Since a stevedore may sue as a seaman under the Jones Act, he should be allowed all of the privileges given to a seaman under that Act, which does away not only with the fellow servant rule, but also the assumption of risk defense.

Libelant's motion is granted as to the second affirmative defense.

■ Affirmative, defenses third, fourth (paragraph eighteenth and nineteenth of the answer should be considered together). Generally in these defenses, respondent alleges that at the time of his injury, libelant was in the employ of the United States and that his employment was such that he came within the provisions of the Federal Employees' Compensation Act, 5 U.S.C.A. § 751 et seq., and that whatever injuries he received arose out of and in the course of his said employment and that com-

pensation therefor was provided for in the aforesaid Compensation Act, and that libelant, after his injury, made claim for and accepted compensation and other benefits in a substantial amount pursuant to the provisions of the aforesaid Compensation Act and that, therefore, he is barred from maintaining this action. I think this defense should stand. Dahn v. Davis, 258 U.S. 421, 42 S.Ct. 320, 66 L.Ed. 696; Brady v. Roosevelt S. S. Co., 317 U.S. 575, 63 S.Ct. 425, 87 L.Ed. 471.

■ Libelant objects to this defense and contends that Public Law 17 (U.S.Code Congressional Service, Volume 1, Page 42, 26 U.S.C.A.Int.Rev.Code §§ 1400 note, 1426) has changed the application of the Federal Employees' Act to such an extent that the said Act is not applicable to an employee injured when employed in a capacity as was libelant at the time of his accident. A close and careful reading of Public Law 17 indicates that this law in no way affects libelant. It refers only and solely to "Officers and members of crews." Libelant cannot contend that he was either an officer or a member of the crew of this vessel.

Libelant further contends that this defense is not good because it merely alleges acceptance of compensation and not acceptance of compensation under an order of the Commission. Libelant calls attention to the amendment of 33 U.S.C.A. § 933, in support thereof.

■ He refers to the Longshoremen's Harbor Workers Compensation Act. This Act was amended in 1938 to provide for such a contingency as set forth above. However, the amendment to the Longshoremen's Harbor Workers Compensation Act has no effect on this libelant or on his claim in any way. It is a separate and distinct act from the Federal Employees' Compensation Act. No amendment to the one would have any effect upon the other. As a matter of fact, by its very terms the Longshoremen's Harbor Workers Compensation Act specifically exempts from its provisions "an officer or employee of the United States." 33 U.S.C.A. § 903. As a matter of fact, in another part of his brief, libelant's attorney states that this act is not applicable to libelant and cites in support thereof Otis v. State, 176 Misc. 389, 27 N.Y.S.2d 527. Libelant's motion is denied as to separate defenses third and fourth.

906

The sixth separate defense (paragraph twenty-first of the answer) alleges that Steamer S. S. Hawkins was a public vessel; was government owned, and with no private cargo aboard and that, therefore, libelant could not sue respondent since respondent had not consented to be sued in admiralty or otherwise upon the claim, or alleged cause of action of the nature and kind described in the libel; that the libelant has no legal right under the circumstances to maintain this action and that the court is without jurisdiction to entertain and try the case.

I grant libelant's motion and strike out this defense. I am satisfied that the Act of March 3, 1925, 46 U.S.C.A. § 781, gives authority to the libelant herein to commence this action against the government and gives the court jurisdiction to try it. Dobson v. United States, 2 Cir., 27 F.2d 807; State of Maine v. United States, D.C., 45 F.Supp. 35.

The above Act provides that an action may be maintained against the United States "for damages caused by a public vessel of the United States." There have been variant and divergent opinions construing this section of the Act. The greater weight of authority, however, allows suit against the United States under circumstances as set forth in the libel herein.

See opinion of Judge Coxes filed October 18, 1943, in the case of Porello v. United States, D.C., 53 F.Supp. 569.

Settle order on notice.