## LAURO v. UNITED STATES.

### No. 16996.

District Court, E. D. New York.

Aug. 20, 1945.

Jacob Rassner and Benjamin Green, both of New York City, for the libelant.

T. Vincent Quinn, U. S. Atty., of Brooklyn, N. Y., and Kirlin, Campbell, Hickox & Keating, and Raymond Parmer, all of New York City, for respondent.

ABRUZZO, District Judge.

The action was brought by Maria R. Lauro, as administratrix of the goods, chattels and credits of Peter Lauro, deceased, against the United States of America. The action is brought on the ground of negligence of the respondent in failing to provide the decedent with a safe place wherein to work upon a public merchant vessel. Plaintiff has brought the action under both Suits in Admiralty Act of 1920, 46 U.S.C.A. § 741 et seq., and the Public Vessels Act of 1925, 46 U.S.C.A. § 781.

#### Facts

On the 26th day of May, 1943, a vessel designated as "#596" was docked at Pier 4, Staten Island. Marra Brothers, contracting stevedores, were engaged in loading a very large and bulky piece of cargo weighing approximately eighteen to twenty tons and being twenty feet in length, in #2 hold of this vessel. The decedent was employed at the time of the accident as a signalman at this hold and it was his duty to give the necessary signals to the winchman in order that this piece of cargo could be properly lowered and stowed in this hold.

The hatch covers had been removed from this hold excepting one row, which there-

fore left an opening of about twenty feet in width and forty feet in length. The decedent, in order to properly give the necessary signals, had to cross over the part of the hatch which had been left covered. While doing this he slipped due to a quantity of oil which had been spilled and left on the hatch covers, falling into the hold as a result of which he suffered injuries and shortly thereafter died. He left surviving him a widow and six children, five of whom were under the age of twenty-one, the youngest being six years of age. The decedent was forty-five years old, the widow is forty-three.

The witnesses, Falcone and Patalano, called by the libellant, testified substantially that the decedent was seen to walk along the covered part of the hatch, slip and fall into the hold. About half of the hatch was covered with oil which made a square of two and one-half feet by two and one-half feet. After the accident skid marks were observed about two feet in length starting from the starboard side of the hatch cover and ending at a wooden handle which extended above the top of the hatch board. The outside of the hatch was littered with dunnage which necessitated the signalman —the decedent—to go on top of the hatch to give these signals.

The respondent, through its witnesses, claimed that while pushing this heavy piece of cargo the decedent lost his balance and fell into the hold.

■ I am not impressed with the witnesses called by the respondent and I believe the accident happened substantially as testified to by the witnesses Falcone and Patalano. The burden of proof imposed upon the plaintiff as to the question of fact is amply sustained.

■■ The respondent has raised a very troublesome question, to wit: that the Public Vessel Act of 1925, 46 U.S.C.A. § 781, does not apply to the case at bar. This section reads as follows:

"A libel in personam in admiralty may be brought against the United States, or a petition impleading the United States, for damages caused by a public vessel of the United States, and for compensation for towage and salvage services, including contract salvage, rendered to a public vessel of the United States: Provided, That the cause of action arose after the 6th day of April, 1920. Mar. 3, 1925, c. 428, § 1, 43 Stat. 1112."

Section 742 gives rise to a libel in personam against the United States, provided that the vessel is employed as a merchant vessel.

It must therefore be determined whether or not the plaintiff comes within the purview of these sections so as to give her the benefit of a recovery.

It is contended by the respondent that the United States Government has never consented to be sued and that the damages caused by a public vessel referred to damage done physically by the vessel itself, as in case of collision, and that Section 781 does not cover personal injuries caused by the negligence of its employees.

The respondent claims the word "damages" in this section means only damage to property and not damage to person. A contrary holding was made in the case of Porello v. United States, D.C., 53 F.Supp. 569. That case holds that the statute, 46 U.S.C.A. Section 781, includes damage to person as well as damage to property.

Canadian Aviator, Ltd., v. United States, 324 U.S. 215, 65 S.Ct. 639, is helpful in that it construed the Public Vessels Act as giving a remedy in admiralty in cases other than collision cases.

The decisions in Agwilines, Inc., v. United States, 1943 A.M.C. 715, and Dobson v. United States, 2 Cir., 27 F.2d 807, practically hold that the Public Vessels Act and the Suits in Admiralty Statute must be read together.

Militano v. United States, D.C., 55 F. Supp. 904, holds that 46 U.S.C.A. Section 781 gives authority for an action in damages for personal injuries due to negligence.

I therefore find that the plaintiff is entitled to judgment.

■ The decedent in 1937 earned $3,030.20, in 1938 $3,000.40, in 1939 $2,843, in 1940 $3,020.90, in 1941 $3,000, in 1942 $3,319.12 and in 1943, from January to May, $2,018.06.

In view of the age of the deceased and his earning capacity, plaintiff should have judgment in the sum of twenty-five thousand ($25,000) dollars.