## FODERA v. BOOTH AMERICAN SHIP-PING CORPORATION et al.

District Court, S. D. New York.

May 27, 1946.

Samuel Spevack, of Brooklyn, N. Y. for libellant.

Kirlin, Campbell, Hickox & Keating, of New York City, for respondent Booth American Shipping Corporation.

Daniel Miner, of New York City, for respondent Atlantic Basin Iron Works.

RIFKIND, District Judge.

This is a suit in the admiralty to recover damages sustained by libellant, a longshoreman in the employ of a stevedoring corporation, while engaged in stowing cargo on the S. S. Empire Lancer. Recovery is sought against Booth, the owner of the vessel, and against Atlantic, an independent contractor, which had reinstalled, at the instance of Booth, a thermometer pipe aboard the vessel. The findings of fact set forth the details of the events which led to libellant's injuries.

■ The libel against respondent Atlantic is dismissed. There is no evidence from which an inference of negligence on the part of Atlantic may be drawn.

■ Two findings of fact, however, are each separately sufficient basis for the liability of Booth as owner of the vessel. The thermometer pipe, about 30 feet long and 2½ inches in diameter, was so located in the hold of the vessel that heavy cargoes, when stowed into the hold, were likely to move in close proximity to the pipe, with the consequent danger of striking and dislodging it. Safe practice required that a thermometer pipe so located be enclosed in a box or framework. Such was the testimony of the expert for the libellant as well as of the chief engineer of the respondent Booth. The failure to take that precaution rendered the vessel unseaworthy (see, Edmond Weil, Inc. v. American West African Line, 2 Cir., 1945, 147 F.2d 363, 365, 366) and that unseaworthiness was the proximate cause of the libellant's injuries. The obligation of seaworthiness which traditionally extended from the ship to its seamen has been extended to longshoremen injured while working aboard a vessel even though the latter are employed by an independent stevedoring contractor. Seas Shipping Co., Inc., v. Sieracki, 66 S.Ct. 872. Where there is a failure in the discharge of the obligation of seaworthiness, liability follows regardless of negligence.

■■ The second ground of liability is the negligence of the owner. Libellant, an employee of an independent contractor, doing work for the owner of the vessel, occupied the status of an invitee aboard the ship.

As such he was entitled to a reasonably safe place to work. The duty to provide such a place devolved upon the owner of the vessel. For the breach of such a duty liability attaches. The S. S. Anderson, D. C., Md., 1941, 37 F.Supp. 695; The Dalhem, D. C. Mass., 1941, 41 F.Supp. 718, 720. In the instant case the owner did breach its duty. The breach consisted of the owner's negligence in permitting the thermometer pipe to remain unboxed in a location in which it was exposed to the danger of collision with the heavy cargoes that were being stowed in the vessel. The owner's liability was not avoided by the fact that there was a concurrent duty upon the libellant's employer to furnish him a safe place to work. La Guerra v. Brasileiro, 2 Cir., 1942, 124 F.2d 553, 555, certiorari denied 315 U. S. 824, 62 S.Ct. 918, 86 L.Ed. 1220; Porello v. United States, 2 Cir., 1946, 153 F.2d 605, 608.

■ The defense of contributory negligence fails for lack of evidence to sustain it. Similarly, the defense of assumption of risk must fail for lack of merit. Clearly, the libellant did not assume the risk of respondent's negligence or of the unseaworthiness of the vessel. Moreover, if liability is founded upon unseaworthiness the defense must fail as a matter of law. It is to be presumed that, if the obligation of seaworthiness has been extended to longshoremen, it has been extended in all its respects; and, since the defense of assumption of risk would fail in an action by a seaman, the defense must likewise fail in an action by a longshoreman to whom the remedy has now been extended. Socony-Vacuum Co. v. Smith, 1939, 305 U.S. 424, 428-429, 59 S.Ct. 262, 83 L.Ed. 265.

■ There was testimony that the mate had instructed the longshoremen to keep clear of the pipe. The evidence is persuasive, however, that the intention of the instruction and its understanding by those who received the instruction were that the thermometer pipe be kept free from contact with cargo as it was stowed in order to permit the circulation of air through its perforations. It was not designed to, nor did it in fact accomplish, the transmission of a warning to the longshoremen that contact

with the thermometer pipe was dangerous and likely to result in injury.

The libellant's damages consist of hospital and medical expenses ....... $ 178.70
loss of earnings during hospitalization and treatment ........ 937.50
15 weeks at $62.50
pain and suffering ............. 1,500.00
and I estimate the present value of his future loss of earnings at 2,000.00
making a total of ........... 4,616.20