**PORELLO v. UNITED STATES et al.**

United States District Court
S. D. New York.

Nov. 6, 1950.

Irving H. Saypol, U. S. Atty., New York City, Howard F. Fanning, Sp. Asst. to U. S. Atty., New York City, of counsel, for respondent.

Alexander & Ash, New York City, Edward Ash, Sidney A. Schwartz, New York City, of counsel, for respondent-impleaded.

IRVING R. KAUFMAN, District Judge.

This action was tried on remand from the Supreme Court of the United States. The facts of this case are fully stated in the Court of Appeals decision at 1946, 153 F.2d 605 and in the Supreme Court opinion, American Stevedores, Inc., v. Porello, 1947, 330 U.S. 446, 67 S.Ct. 847, 91 L. Ed. 1011.

The litigation arose out of an injury to a longshoreman in the employ of American Stevedores, Inc. (hereafter "American"), while working aboard a vessel owned by the United States. In the first trial of this action to another Judge, in this district court, the libelant obtained a decree against the United States. Because both respondent and respondent-impleaded were found to have caused the injury by their concurrent negligence, a decree against American in favor of the United States for one-half of the damage was granted.

The Court of Appeals affirmed the decree in favor of the libelant but increased the recovery. It reversed the decree granting the United States one-half contribution from American and granted the United States full indemnity based on a provision in a contract between the United States and American. A petition for rehearing limited to so much of the Court of Appeals decision as granted full rather than one-half indemnity was denied. 1946, 153 F.2d 609.

The Supreme Court affirmed the decree as to Porello but reversed so much of the decree as awarded indemnity to the United States under the contract and remanded the case to the district court for determination of the meaning of the contract.

The contract provision provides that: "The Stevedore performing any service under this schedule shall be responsible for any and all damage or injury to persons and cargo while loading or otherwise handling or stowing the same, to any ship including its apparel and equipment, wharves, docks, lighters, elevators, cars and carfloats used in connection therewith, through the negligence or fault of the Stevedore, his employees and servants."

The Supreme Court discussed the respective contentions of both parties to the contract as to the meaning of the provision and stated, 330 U.S. at page 457, 67 S.Ct. at page 853: "On this record we cannot answer the contention of either party. As it stands the clause is ambiguous. Evidence might well have been taken as to the intention of the parties, but was not."

Reference is then made in the opinion of the Supreme Court to the following footnote, 330 U.S. at page 457, 67 S.Ct. at page 853: "American moved the Circuit Court of Appeals for an order allowing the parties to take proof and to submit it to the court as to the intent of the parties respecting the indemnity clause of the contract, or in the alternative for an order remanding the proceeding to the District Court for further hearing as to the intent and meaning of the clause. The Circuit Court of Appeals denied the motion."

Elsewhere in its opinion, the Court stated, 330 U.S. at page 458, 67 S.Ct. at page 854: "From the record it is not clear whether the District Court made any finding as to the meaning of the contract. We believe its interpretation should be left in the first instance to that court, which shall have the benefit of such evidence as there is upon the intention of the parties."

With respect to the interpretation of the indemnity provision of the contract, it is glaringly apparent that the Supreme Court believed that the proffered testimony with respect to "the intent of the parties respecting the indemnity clause" should have been heard in the lower court, for it is generally recognized that the most effective way to interpret an ambiguous contract is by ascertaining what the intention was of the parties to the contract. Without taking this proffered testimony the Court of Appeals for the Second Circuit placed the most reasonable interpretation upon the language used in the indemnity provision and then reached the conclusion which it did. In short, I believe that the Supreme Court was of the opinion that since the

provision was ambiguous, the testimony offered by American with respect to the intent of the parties (and which the Court had every right to believe would be available to the district court) should precede the construing of the contract.

The Supreme Court stated that the contract provision had these possible meanings, 330 U.S. at pages 457–458, 67 S.Ct. at page 853:

(1) American shall indemnify the United States should the Government be held liable for damages solely caused by American's negligence.

(2) American shall fully reimburse the United States for all damages caused in any part by American's negligence.

(3) American, in case of joint negligence of the parties, should be responsible for that proportion of the damages which its fault bore to the total fault.

The Court of Appeals accepted the second possibility as to the purpose of the provision.

In accordance with the Supreme Court opinion, at the trial before me I requested American to produce the proof which it had offered to submit to the Court of Appeals as to the intent of the parties. American's position at the trial was that it did not deem it necessary to produce such testimony since it viewed the opinion of the Supreme Court as an absolute statement of the law in this case, and that it interpreted the opinion of the Supreme Court as a holding that the contract was ambiguous and in the absence of further evidence could not be construed. American contended further that since the highest court had declared the contract ambiguous, that I was then compelled to disregard the interpretation of the Court of Appeals and to adjudge responsibility of the parties under applicable rules of admiralty law. This is a most novel position for American to take at this time for

(1) It is apparent from the opinion of the Supreme Court that the Court was moved by American's plea that it had been denied the opportunity to submit the evidence, which it had, bearing on the intention of the parties; and

(2) Were I to accept the position of American, I would be compelled under the admiralty law to award a decree to American on the matter of indemnity since the Court of Appeals for this Circuit in American Mutual Liability Ins. Co. v. Matthews, 1950, 182 F.2d 322 ruled that where compensation is payable under the Longshoremen's and Harbor Workers' Compensation Act, 33 U.S.C.A. § 901 et seq. (the compensation payments having been made in this case by American to the libelant) no common liability as joint tort feasors exists and therefore there can be no contribution. The primary nature of the Government's negligence would of course prevent the possibility of recovery of full indemnity from American in the absence of a contractual provision. See Spaulding v. Parry Navigation Co., D.C.S. D.N.Y. 1950, 90 F. Supp. 564; Standard Oil Co. v. Robins Dry Dock & Repair Co., 2 Cir., 1929, 32 F.2d 182.

Therefore in the trial before me both sides rested without offering a scintilla of evidence and I find myself, as a result of that fact, in the same position as did the Court of Appeals for this Circuit when it had the very provision in issue before it for interpretation.

■ That a contractual provision is ambiguous does not render it null and void as contended by American. Volumes have been written on the construction of contracts and, as it is said in 17 Corpus Juris Secundum, Contracts, § 294, at page 682: "The law provides certain rules of construction to aid in the determination as to the obligations of parties under contracts which are ambiguous."

And as 3 Williston on Contracts, p. 1774, says: " * * * if such uncertainty or ambiguity as there may be in a writing does not arise from, and cannot be solved by, any special local meaning of the words used, or any usage or surrounding circumstances, the court will deal with the matter itself, as the difficulty of interpretation must be solved from the writing alone."

■ The primary rule of construction is that the court must, if possible, ascertain and give effect to the mutual intention of

the parties, 17 C.J.S., Contracts, § 295, page 689, and it is for this purpose that the Supreme Court remanded the action.

Absent such evidence, I repeat, this Court finds itself in the same position, as far as the record stands, as did the Court of Appeals when it heard the appeal in the action. In considering the contract provision the Court of Appeals applied the test of the most reasonable interpretation (see, e. g., 17 C.J.S., Contracts, § 319 page 739; 3 Williston on Contracts, p. 1781) and said: "The impleaded respondent argues that the provision must be construed as though the final clause read 'through the negligence or fault of the Stevedore alone'; that it did not agree to indemnify the United States against damages to which a defect in the ship's equipment contributed. But we do not think the contract can be limited to negligence or fault for which the stevedore alone was liable. The stevedore's agreement to carry compensation insurance forbids that construction, because, having insured, it would not be liable to the person injured. It is reasonable to construe the clause to cover cases where in respect to the injured person both the contractor and the shipowner are at fault. See United States v. Wallace, 9 Cir., 18 F.2d 20, 21. The primary duty to furnish its employees a safe place to work rested on the stevedore. It was in control of the conditions under which the work was to be done and its foreman knew the bolt was missing and should have foreseen the danger and avoided it. Although the stevedore's default in that respect might not relieve the shipowner from liability to the injured workman, *it would make it reasonable for the shipowner to insist that the stevedore alone bear the loss, and the quoted provision was inserted in the contract for that purpose."* (Emphasis added.) 153 F.2d at pages 607–608.

 The Court of Appeals decision (including the decision on the petition for rehearing) indicates that that Court was well aware of the possible interpretations of the contract provision suggested by the Supreme Court. I believe that the Supreme Court reversed the interpretation of the Court of Appeals only insofar as it might be affected by the extrinsic testimony which American said it was ready to offer. Absent such testimony, and upon an independent consideration of the contract and the surrounding circumstances, I feel that the construction of the indemnity provision of the contract by the three judges of the appellate court, requiring American to fully indemnify the United States for all damages caused in any part by American's negligence, is correct and I adhere to that construction.

This Court has considered the possibility of calling expert witnesses on its own volition to testify as to the meaning of the contract provision. However, since it appears that this is the only litigation that has involved this form of Army contract, to call such witnesses would undoubtedly be an empty gesture.

Enter a decree in accordance with this decision.