## LO BUE v. UNITED STATES et al.
### No. 125, Docket 21845.

United States Court of Appeals
Second Circuit.

Argued Dec. 15, 1950.

Decided April 25, 1951.

---

The earlier stages of this litigation are reported in D.C., 75 F.Supp. 154; D.C., 78 F.Supp. 86; 2 Cir., 178 F.2d 528; and D.C., 91 F.Supp. 298. For purposes of this appeal, the facts may be briefly stated. Lo Bue, a longshoreman in the employ of Jarka Corp., was injured while at work aboard the S. S. Bernard L. Rodman, a vessel which was owned and operated by the United States. His injuries were caused by a fall through an open unguarded trimming hatch in a dark corner of the 'tween deck. He brought his libel against the United States which impleaded the Jarka Corp. The district court absolved Lo Bue of any contributory negligence and found that the United States was negligent in failing to supply him with a safe place to work and that it had breached its duty to him to keep the vessel "seaworthy." It further found Jarka negligent in that it had permitted the libellant to go down to work in the 'tween deck area without making sure that the light there would be adequate either by requesting artificial lights or by removing enough of the main deck hatch covers to admit sufficient natural light. The district judge concluded that "The accident and the injuries resulting therefrom were caused primarily by the negligence of the respondent, the United States of America, and by the unseaworthiness of its vessel and appliances; and secondarily by the Jarka Corporation in failing to remove all main deck hatch covers." The judge entered a decree for libellant against the United States but reserved decision on the claim over of the United States for indemnity from Jarka, D. C., 75 F.Supp. 154. He subsequently confirmed a commissioner's report on the damages due to libellant, D.C., 78 F.Supp. 86, and an appeal to this court followed, which appeal was dismissed as premature, since the issue of Jarka's liability over to the United States remained to

be decided, 2 Cir., 178 F.2d 528. The district court then held that Jarka was not liable over to the United States, 91 F.Supp. 298, and since Lo Bue has been paid in full, Jarka's liability over, if any, is the only issue on this appeal.

H. G. Morison, Washington, D. C., Frank J. Parker, Brooklyn, N. Y., Joseph M. Brush, Edward C. Kalaidjian and Barry, Wainwright, Thacher and Symmers, all of New York City (Leavenworth Colby, Washington, D. C., of counsel), for respondent-appellant.

John P. Smith, Bigham, Englar, Jones & Houston and John M. Aherne, all of New York City (John L. Quinlan, New York City, of counsel), for respondent-impleaded-appellee.

Before AUGUSTUS N. HAND, CLARK and FRANK, Circuit Judges.

FRANK, Circuit Judge.

 1. Although both parties attack it, we see no reason to disturb the conclusion of the trial judge that the government is primarily liable for causing libellant's injuries and that Jarka is secondarily liable therefor. His findings were based on ample evidence—much of it oral testimony—and his conclusion flowed logically from his findings.[1] Consequently, the very most that the United States can claim here is that Jarka's negligence, combined with its own, caused libellant's injury.

 2. The United States cannot recover contribution from Jarka as a joint tort-feasor, for that pre-supposes a common liability to the injured party. Jarka's statutory liability to the libellant for compensation under the Longshoremen's Act is "exclusive," 33 U.S.C.A. § 905, and to permit contribution would be to permit the libellant to evade the statutory command by making of the negligent third party a "conduit" for the recovery of damages from his employer in excess of the statutory compensation. Porello v. U. S., 2 Cir., 153 F.2d 605, 607; American Mutual Liability Insurance Co. v. Matthews, 2 Cir., 182 F.2d 322, 323-324.[2]

3. Consequently, any recovery over must be based on the relations between the United States and Jarka *inter se*.[3] Those relations the parties have undertaken to prescribe by contract—the so-called warship-steve contract. By Section 1 of Part I of that contract, the Administrator, War Shipping Administration, engaged Jarka as a stevedore and Jarka in return agreed to do the work "in an economical and efficient manner and in accordance with the best operating practices, to exercise due diligence to protect and safeguard the interests of the Administrator in all respects, and to avoid any delay, loss, or damage whatsoever to the Administrator." Remuneration was to be on a cost-plus basis. Paragraph 8 of Part II of the contract deals with the liability of the Stevedore. It provides: "While performing the work the Stevedore shall * * * be responsible for any and all loss, damage and injury * * * to persons, * * * arising through the negligence or fault of the Stevedore, its employees, gear or equipment; provided, however, that the Stevedore's responsibility to

---

1. Cf. Wieder v. Isbrandtsen Co., 2 Cir., 186 F.2d 496, 499; Blake v. W. R. Chamberlin & Co., 9 Cir., 176 F.2d 511, 512; Smyth v. Barneson, 9 Cir., 181 F.2d 143.

2. Compare Baccile v. Halcyon Lines, 3 Cir., 187 F.2d 403, 405, where it was found that 75% of the libellant's damages were attributable to his employer's negligence. The court permitted contribution, limited in amount, however, to the compensation for which the employer would have been liable had the libellant elected that remedy. The court said: "In the absence of compelling reason to the contrary, we should be unwilling to accept as satisfactory the conclusion * * * that an injured person, by un-

hampered election, may cast upon one of his two wrongdoers the entire burden of his loss."

3. Slattery v. Marra Bros., 2 Cir., 186 F.2d 134, 138-139. That those relations may be governed by contract in spite of the provision of the Longshoremen's Act, 33 U.S.C.A. § 905 that compensation is to be the employee's "exclusive" remedy against his employer, see Porello v. U. S., 2 Cir., 153 F.2d 605, 607-608; Id., 330 U.S. 446, 457-458, 67 S.Ct. 847, 91 L.Ed. 1011; Id., D.C., S.D.N.Y., 94 F. Supp. 952. See also U. S. v Arrow Stevedoring Co., 9 Cir., 175 F.2d 329, 332, certiorari denied 338 U.S. 904, 70 S.Ct. 307.

the Administrator, War Shipping Administration, for any and all loss, damage or injury * * * shall be limited in dollars to the amount of insurance provided for in Paragraph 9 of this Part II." By Paragraph 9(a) (1) of that Part II, the stevedore agreed to—and Jarka did—"procure" and "maintain" "Standard Workmen's Compensation and Employer's Liability insurance, and Longshoremen's and Harborworkers' Compensation insurance * * *". In addition to the usual compensation provisions, the Workmen's Compensation and Employer's Liability Insurance policy which Jarka procured required the insurer by Paragraph 1(b) to indemnify Jarka "against loss by reason of the liability imposed upon him by law for damages on account of such injuries" to its employees. By Paragraph 10 of the Standard New York Endorsement of this policy, "The words 'liability imposed upon him by law for damages on account of such injuries' * * * are inclusive of the liability imposed upon this Employer by reason of a suit or claim brought against him by another to recover the amount of damages obtained from such other by an employee of the Employer for injuries sustained by such employee arising out of and in the course of his employment." Paragraph 11 of that Endorsement provides: "The obligations of the Company under Paragraph One (b) of this Policy are limited to the liability imposed by law upon this Employer for negligence but specifically exclude any liability assumed by this Employer under any contract entered into with any other person, association or organization."

The United States contends that by Paragraph 10 it is entitled to recovery over from Jarka (or the insurer) while Jarka argues that any liability over to the United States would be a "liability assumed * * * under * * * contract" against which it would not be insured under Paragraph 11.

Jarka, as we have seen above, agreed to indemnify the United States for losses caused by its negligence, limited in dollars to the extent that Jarka was insured against such a loss. The crucial question here, then, is whether Jarka was so insured.

Under the Workmen's Compensation Policy, Jarka was insured against liability for damages for injury to its employees, including, by Paragraph 10 of the Standard New York Endorsement, liability over to a third party on that account. But by Paragraph 11 of the Endorsement, the coverage for liability over is carefully restricted to "liability *imposed by law* upon this Employer for negligence," and the obligations of the insurer "*specifically exclude any* liability assumed by this Employer under *any* contract." [4] The effect of this provision, especially in the light of the words we have emphasized, is plainly to preclude any recovery here based upon a contractual duty assumed by Jarka to a third party. In other words, unless a third party could recover over from Jarka in the absence of contract, there is no insurance coverage and hence there can be no recovery over here.

Paragraph 10 of the Standard New York Endorsement contemplated a possible liability over such as the United States seeks to assert here, but that possibility—at least on a contribution theory—has been foreclosed in this Circuit by our decision in American Mutual Liability Insurance Co. v. Matthews, supra. And we do not think that there can be any recovery over of indemnity under the maritime law for Jarka's breach of its duty to the United States to do its work in a careful, efficient manner. The cases which sanction such a liability over on an indemnity theory are inapplicable here, for in those cases, the employer's negligence was the "sole," "active" or "primary" cause of the libellant's injury.[5] And to permit a partial recovery over on an indemnity theory here would be to sanction an evasion of the rule and the rationale of the Matthews case, supra, by a mere change in no-

---

4. Emphasis added.

5. Rich v. U. S., 2 Cir., 177 F.2d 688; U. S. v. Arrow Stevedoring Co., 9 Cir., 175 F.2d 329; U. S. v. Rothschild International Stevedoring Co., 9 Cir., 183 F.2d 181. Cf. Slattery v. Marra Bros., 2 Cir., 186 F.2d 134, 138–139; Burris v. American Chicle Co., 2 Cir., 120 F.2d 218; Westchester Lighting Co. v. Westchester County Small Estates Corp., 278 N.Y. 175, 15 N.E.2d 567.

menclature from "contribution" to "indemnity."

We conclude, therefore, that Jarka is not liable to the United States here either for contribution or for indemnity. Since its insurance covers no more, and explicitly excepts any contractual liability, it follows that the United States cannot recover over under this contract.

Affirmed.